## The Western Union Telegraph Company *v.* Ferguson.

Telegraph Company.—*Transmitting Message.*—*Character of Message.*—Upon payment or tender of its usual charges, a telegraph company is bound by law to transmit any message couched in decent language, which is placed in the hands of its agent, for that purpose; though it may refuse to transmit one couched in indecent terms.

Same.—*Action for Damages.*—*Defence.*—*Pleading.*—*Immoral Intent of Plaintiff.*—In an action against a telegraph company, to recover the statutory penalty for refusing to transmit a proper message, an answer alleging such message to have been intended for an immoral purpose is insufficient.

Same.—*Pleading.*—*Evidence.*—In an action against a telegraph company for damages for failure to transmit a message, the plaintiff must aver in his complaint, and prove on the trial, that the defendant has a line of wires wholly or partly in this State, that it is engaged in telegraphing for the public, and that a particular message was placed in the hands of its agent, for transmission.

From the Pulaski Circuit Court.

*D. P. Baldwin* and *M. Winfield,* for appellant.

Howk, J.—The appellee was the plaintiff, and the appellant was the defendant, in this action, in the court below.

Omitting the title of the cause, the venue and style of the court, and the signature of counsel, the appellee's complaint was as follows:

"The plaintiff complains of the defendant, and says, that on the 23d day of September, 1874, he placed in the hands of the defendant's agent, at Francesville, Indiana in said county, the following message, to wit:

"'Clint. Crose, Lafayette, Indiana:

"'Send me four girls, on first train to Francesville, to tend fair.                         E. Ferguson.'

"That said message was left at said office during the usual business hours, and was to be transmitted to said Clint. Crose, Lafayette, Indiana, without delay; the said plaintiff paying in advance for the transmission of said message the sum demanded by the agent of said com-

pany, at the time he delivered said message; that the defendant, without cause, wrongfully, wholly failed and refused to transmit said message at all, to the damage of the plaintiff one hundred dollars, which has never been paid, either in whole or in part, as shown per exhibit 'A,' herewith filed and made a part hereof; and the plaintiff prays, that he have judgment for the statutory penalty in such cases made and provided, in the sum of one hundred dollars, and other proper relief."

The exhibit, referred to in said complaint, was a simple statement of account, showing that on September 23d, 1874, appellant was indebted to appellee, for damages and penalty for not transmitting a message, in the sum of one hundred dollars.

To the appellee's complaint, the appellant answered in five paragraphs, as follows:

"1.    For answer herein, defendants deny each and every allegation in the complaint herein contained.

"2.    They say, the dispatch was offered by the plaintiff for an illegal purpose, to wit, to obtain prostitutes to be used at a fair held, or to be held, at Francesville, Indiana, for purposes of prostitution; that the said plaintiff was a lewd man, and of bad and licentious character; that the said Clint. Crose was also a lewd man; that he is, and was at the time, an agent and keeper of prostitutes; that, in their offices, defendants have employed a large number of ladies of refinement and intelligence, and they say, they were not bound to transmit any such message, and that they refused the same, as they lawfully might, because the same was, and is, illegal and immoral, and was offered in aid of immorality and illegality, and they could not send said dispatch without becoming parties thereto.

"3.    That said message was not sent in good faith, but was delivered to defendant, by plaintiff, for the purpose of obtaining the penalty of one hundred dollars, by the statute provided in case of refusal to transmit *bona fide* dispatches.

"4. That said message was not sent, because other messages were in the office at Francesville, Indiana, in advance of this; that it contained no directions; that thereby the same was not entitled to be forwarded until after the necessary inquiries were made as to whether there was any such person at Lafayette, and until after their other usual business was disposed of; that, before such inquiry could be made, the plaintiff called upon this defendant, received back his money, and discharged said defendant from any duty or obligation she was under to transmit the said message. Wherefore defendants say, that the plaintiff ought not to recover in the premises.

"5. The defendant, for a fifth and further answer herein, says, that the message in question is ambiguous; that the plaintiff is, and was at the time, a man of loose morals and of bad repute at Francesville, Indiana; that the said Clint. Crose was a man of bad repute, and was, before the date of the alleged default of this defendant, in jail.

"That, acting upon these facts, and that there was to be a large number of persons assembled at the Francesville fair, the defendant had reasonable cause to believe, and did believe, that said message referred to prostitutes, and was to be sent to draw prostitutes to said fair; and defendant, on that account, refused to send the same, as an illegal and unlawful message, which refusal she was authorized to make.

"Wherefore defendants demand judgment against the plaintiff."

The appellee demurred to each of the paragraphs, except the first, of the appellant's answer, for the alleged insufficiency of the facts therein to constitute a defence to appellee's action; which demurrers were overruled as to the second and fourth paragraphs, and sustained as to the third and fifth paragraphs, of said answer, to which latter decisions the appellant excepted. And the appellee

replied to the second and fourth paragraphs of appellant's answer by a general denial of the matters alleged therein.

And the action, being at issue, was tried by a jury in the court below, and a verdict was returned for the appellee, assessing his damages at the sum of one hundred dollars. ·

The appellant's written motion for a new trial having been overruled by the court below, and its exception saved to such ruling, judgment was rendered on the verdict.

In this court, the appellant has assigned the following alleged errors of the court below:

1st.  In sustaining the appellee's demurrer to the third paragraph of the appellant's answer;

2d.  In sustaining the appellee's demurrer to the fifth paragraph of the appellant's answer;

3d.  In overruling appellant's motion for a new trial; and,

4th.  In overruling the appellant's motion for judgment on the pleadings herein.

It seems to us, that no error was committed by the court below in sustaining the appellee's demurrers, either to the third or fifth paragraphs of the appellant's answer. We know of no provision of law which would authorize the appellant, or any of its agents, to inquire into or impugn the motives of any one who might desire to transmit a message, couched in decent language, over the appellant's telegraphic lines. And certainly we are not, aware of any law which makes the appellant, or any of its employees, a censor of public or private morals, or a judge of the good or bad faith of any party who may seek to send a dispatch over the appellant's lines. If the message offered for transmission is expressed in decent language, "on payment or tender of the usual charge," the duty of the telegraph company is fixed by law, and it has no discretion. If, however, the message is expressed in indecent, obscene or filthy language, then, in our

opinion, the telegraph company will be excused from the transmission of any such message. But such was not the message described in appellee's complaint.

In our opinion, the court below did not err in sustaining the appellee's demurrers to the third or to the fifth paragraph of the appellant's answer.

Among the causes for a new trial, assigned by the appellant in its motion therefor, addressed to the court below, was this, that the verdict of the jury was not sustained by sufficient evidence.

It is a clear proposition, that the appellee's complaint, in this case, did not state facts sufficient to constitute a cause of action. This point was presented to the court below by appellant's motion in arrest of judgment; but the decision of that court, in overruling that motion, has not been assigned as error in this court.

Under the provisions of the statute, entitled "An act to regulate electric telegraph companies," approved May 13th, 1852, which provides a penalty for a failure to transmit a telegraphic message, it is not every telegraph company which is subjected to such penalty for such failure, but it is the telegraph company which has "a line of wires wholly or partly in this State," and which is "engaged in telegraphing for the public," that is made amenable to the penalty prescribed by our statute for the failure to transmit a message, "on payment or tender of the usual charge." 1 R. S. 1876, p. 868, sec. 1.

It was necessary, therefore, that the appellee should aver in his complaint, in order to state a good cause of action, that the appellant had a line of wires, wholly or partly in this State, over which it might have transmitted his message, and that it was engaged in telegraphing for the public; for these were facts which must exist, or the appellee could not lawfully recover, and of the existence of which neither the court below nor this court could take judicial notice. Therefore, it was not only necessary that these facts should be averred in appellee's com-

plaint, but, whether averred or not, it was indispensably necessary, that these facts should be established by sufficient evidence, on the trial of this cause, to entitle the appellee to a recovery. There was no evidence introduced on the trial in the court below, which tended, even in the remotest degree, to establish either one of the facts referred to.

In another point of view, it seems clear to our minds, that the verdict of the jury, in this case, was not sustained by sufficient evidence. It will be observed from appellee's complaint, as the same is contained in this opinion, that the appellee averred therein, that he placed in the hands of the appellant's agent, at Francesville, Indiana, a particular message, setting it out in full. While it might not have been necessary to prove the precise contents of the message, as the same is set out in the complaint, yet it was necessary, in our opinion, to identify the message set out, by the evidence, with reasonable certainty. The appellee failed to show, by any evidence, that he placed any message in the hands of the appellant's agent at Francesville, Indiana, or to identify by the evidence the message set out in the complaint, by the address, by the signature, or in any other manner.

In our opinion, the court below erred in overruling the appellant's motion for a new trial.

The judgment of the court below is reversed, at the costs of the appellee.