## THE WESTERN UNION TELEGRAPH CO. *v.* LEWELLING.

TELEGRAPH COMPANY.—*Failure to Transmit Message.*—An electric telegraph company, having a line of wires wholly or partly in this State, and engaged in telegraphing for the public, is liable in damages for a failure of their agent to transmit a proper message, which is placed in his hands during usual office hours for transmission, accompanied by payment or tender of the usual charges.

SUPREME COURT.— *Weight of Evidence.*—The Supreme Court, on appeal, will not disturb the verdict of a jury on the mere weight of evidence.

NEW TRIAL.—*Misconduct of Judge.*—Where no objection thereto is made, the fact that the regular presiding judge of a court in which a cause is being tried, during such trial, temporarily absents himself, and calls a practising attorney to preside in his place, is not ground for a new trial.

From the Monroe Circuit Court.

*T. J. Jackson, J. E. McDonald, J. M. Butler, F. B. McDonald* and *G. C. Butler,* for appellant.

*J. W. Buskirk* and *H. C. Duncan,* for appellee.

PERKINS, J.—The first two sections of an act regulating telegraph companies are these:

" SECTION 1. *Be it enacted by the General Assembly of the State of Indiana,* That every electric telegraph company, with a line of wires wholly or partly in this State, and engaged in telegraphing for the public, shall, during the usual office hours, receive dispatches, whether from other telegraphic lines or from individuals; and, on payment or tender of the usual charge, according to the regulations of such company, shall transmit the same with impartiality and good faith, and in the order of time in which they are received, under penalty, in case of failure to transmit, or if postponed out of such order, of one hundred dollars, to be recovered by the person whose dispatch is neglected or postponed: *Provided, however,* That arrangement may be made with the publishers of newspapers for the transmission of intelligence of general and public interest, out of its order, and that communications for and from offices of justice shall take precedence of all others.

" SEC. 2. Telegraph companies shall be liable for special damages occasioned by failure or negligence of their operators or servants, in receiving, copying, transmitting or delivering dispatches; or for the disclosure of the contents of any private dispatch to any person other than to him to whom it was addressed or his agent." 1 R. S. 1876, p. 868.

The appellee sued the appellant. His complaint was in two paragraphs.

The first paragraph alleged, that defendant had a line of telegraph wires running through certain counties; that, on the 22d day of September, 1874, plaintiff placed in the hands of defendant's agent at Salem, Indiana, during office hours, a certain dispatch, and sets out what purports to be a copy thereof; that it was to be transmitted to the town of Bloomington, without delay; that plaintiff paid for the same; that the defendant then and

there had the ability to transmit it, but failed and refused, to plaintiff's damage one hundred dollars.

The second paragraph is the same as the first, with the further allegation that plaintiff and Jane Banta are brother and sister; that the facts stated in the message were true; that, by reason of failure to transmit said message, said Jane Banta was not present at the burial of the mother of plaintiff, as she would have been if the message had been duly transmitted to her; that, by reason of the absence of his said sister at said time, plaintiff suffered great uneasiness, anguish and anxiety of mind; and concludes with a demand for five thousand dollars damages.

Copy of dispatch:

"SALEM, IA., 9th Month, 22d, 1874.
" To Jane Banta, Bloomington, Indiana:
" Mother died last evening and will be buried to-morrow, at 11 o'clock, the 23d inst.     WILLIAM LEWELLING.
" Direct to T. A. Banta, Bloomington, Ia."

There was no demurrer to the amended complaint.

Answer, general denial.

Trial by jury. Verdict for plaintiff for one hundred dollars, and judgment, over a motion for a new trial, on the verdict.

One ground assigned in the motion for a new trial was, that the verdict was not supported by sufficient evidence.

The overruling of the motion for a new trial is assigned for error in this court.

The evidence is in the record.

John B. Crafton testified: "I am a telegraph operator; I am an operator for the Western Union Telegraph Company, which company has an office at Bloomington, Indiana; I am in the office; I received no dispatch on the 22d day of September, 1874, for Jane Banta, directed to T. A. Banta, Bloomington, from Salem."

The deposition of the plaintiff himself was then intro-

duced: "Jane Banta, of Bloomington, is my sister. On the 22d day of September, 1874, I delivered to Josiah Diefendorf a dispatch to be taken by said Diefendorf to the office of the Western Union Telegraph Company, at Salem, Indiana; I have a copy of the dispatch that I delivered to Diefendorf; I wrote two; I kept one and gave the other to Mr. Diefendorf, which dispatch is made part of the complaint.

"'Salem, Ia., 9th Month, 22d, 1874.

"'To Jane Banta, Bloomington, Indiana:

"'Mother died last evening, and will be buried to-morrow, at 11 o'clock, the 23d inst.

"'William Lewelling.

"'Direct to T. A. Banta, Bloomington, Indiana.'

"It was directed to Jane Banta, Bloomington, Indiana; I gave Diefendorf one dollar to pay for the dispatch, and he brought back fifty cents; I gave him the dispatch at my home, two and one-half miles north of Salem, in Washington county, Indiana; I am the plaintiff; I have no doubt but that Diefendorf delivered it, but I don't know that he did. It was written by me to go to Bloomington, Indiana, to my sister; it was on the 22d day of September, 1874, between six and seven in the morning; it was directed in care of T. A. Banta; I lived two and one-half miles north of Salem on that day; I signed it, and compared it with the one I gave Diefendorf, and the one I gave Mr. Diefendorf was a true copy of the one I kept, except I erased one word in the copy I kept."

Deposition of Josiah Diefendorf: "My name is Josiah Diefendorf, I am fifty-eight years of age, and live three miles north of Salem, Washington county, Indiana; am a farmer by occupation; I am acquainted with the parties to this suit; on the morning of the 22d day of September, 1874, I was at the house of plaintiff; Mr. Lewelling delivered a dispatch to me, I brought it to Salem; I delivered it to either Mr Webster or Mr Charles Telle, and asked what the charges would be, and the one I delivered

it to replied that the charge would be sixty cents; I gave him a dollar bill and he gave me forty-five cents in change; I asked him if he would attend to it; he said he would; I did not read the dispatch, and only knew what I was told by the plaintiff; Charles Telle was a gentleman I saw frequently in the office of the defendant; I do not know whether he was employed by the defendant or not; I cannot state positively that Mr. Webster was employed by the defendant, but I frequently did business with him, and I think he is agent at Salem, Indiana; he unfolded the message and looked at it and laid it on the table that was on the west side of the office; I delivered the message either to Mr. Webster or Mr. Telle; I did not read the message; have no copy of the message; it was the 22d day of September, 1874, at about 8 o'clock in the morning; I do not know in whose care it was sent; I did not read the message; I received it from the plaintiff, William Lewelling, about three miles from Salem; I do not know who signed it, as I did not read the message nor see it signed, and have no copy of it; I don't think there was any thing took place excepting the delivery of the message; nothing that I recollect of; I delivered no other message."

Jane Banta testified: "I reside in Bloomington, Indiana; I received no dispatch from William Lewelling, Salem, Indiana, dated 22d day of September, 1874, in reference to the death of my mother; I was in Bloomington on that day; I received no dispatch from plaintiff about that time; am a sister of plaintiff, and am the Jane Banta referred to in the dispatch."

John J. Webster testified: "My name is John J. Webster; I am in the employ of the Louisville, New Albany and Chicago Railroad Company, and of the Western Union Telegraph Company, at the town of Salem; I was there on the 22d day of September, 1874; on that day one Josiah Diefendorf came there with a dispatch with no address thereon; dispatch was signed William Lew-

elling; I asked him where he wanted the dispatch sent; he asked me where Henry Lane was working. Henry Lane was an employee of the railroad; I told him at Greencastle was the last place; he then told me he wanted it to go where Henry Lane was; I then, in his presence, wrote on the dispatch 'Greencastle,' and sent the same to Greencastle; I have the dispatch left with me by Diefendorf; we keep all dispatches."

Dispatch offered:

"9 Mo., 22d, '74.

"*Sister J. Banta.*—GREENCASTLE :

"Mother died last evening at 5 o'clock; will be buried at 11 to-morrow.        WILLIAM LEWELLING.

"Please direct to T. A. Banta."

"I never received any other dispatch than the one received from Diefendorf; Lewelling was not at the office at all; I sent it as directed and received word from the office at Greencastle, 'dispatch received O. K.;' we always answer as soon as dispatch is received at office; I never received a dispatch directed to Jane Banta, Bloomington, or to T. A. Banta, Bloomington. Mr. Telle is a person who is sometimes around the office; he has nothing to do with receiving dispatches and is not in the employ of the defendant; I told Mr. Brown in a letter that I never received a dispatch for Bloomington to Jane Banta, or to T. A. Banta, Bloomington. That is my writing."

Diefendorf, in his testimony, directly contradicts Webster.

Russell testified as follows: "My name is Russell; am a telegraph operator; I am in the employ of the Western Union Telegraph Company at Greencastle; have charge of the office; I, on the 22d day of September, 1874, received a dispatch from the town of Salem signed William Lewelling; I have the dispatch as taken from the wire. We always keep in the office a copy, as well as the one we send out to the person addressed; this is the dispatch as received:

"'Salem, Ind., Sept. 22d, 1874.

"'*T. A. Banta.*—Greencastle, Ind.:

"'*Sister J. Banta.*—Mother died last evening at 5 o'clock; will be buried at 11 to-morrow.　William Lewelling.'

"I sent the dispatch by the messenger; it was not delivered; I sent it as soon as received, and used all efforts to find the parties to whom the message was sent."

Henry Lane, for plaintiff, testified: "My name is Henry Lane; I am a railroader; I was not at Greencastle on the 22d day of September, 1874; I received no dispatch for Jane Banta; I now reside in Bloomington; I have been in the employ of the railroad; I quit the same on the 20th of September, 1874; I was, on the 22d, down South; was in Kentucky; had been working, up to that time, at Greencastle."

This was all the evidence given in the cause.

The evidence, in short, is this:

Lewelling swears that he delivered a dispatch to Diefendorf, on a certain day. Diefendorf testifies that he delivered that dispatch to Webster or Telle on that day, and that he delivered no other. Webster admits that he received a dispatch from Diefendorf on said day.

So far, it appears that Lewelling sent a dispatch, and that a dispatch was received at the office of the appellant, at Salem, Ind., on the 22d of September, 1874. The uncertainty is as to the contents and direction. On these points there are but two witnesses who saw the dispatch, and their testimony is in direct conflict. It was for the jury to decide where the preponderance lay. They found for the plaintiff. The court confirmed their finding, by rendering judgment upon it. We cannot say that the judgment now being considered was wrong, and we cannot reverse it without saying so.

The complaint contains a cause of action.

The motion in arrest was properly overruled.

Another point: The regular judge of the circuit, finding it necessary to be absent a short period of time, ap-

pointed an attorney to hold court till his return. He returned, and resumed his seat on the bench, while the jury were out deliberating upon this case. When they came in, he received the verdict. No objection was made at the time, but it was afterward made one of the grounds of the motion for a new trial, and is insisted upon in this court as having been error. We see no irregularity in this act of the court.

The judgment is affirmed, with costs.