Western Union Telegraph Company *v.* Axtell.

---

WESTERN UNION TELEGRAPH COMPANY *v.* AXTELL.

TELEGRAPH COMPANY.—*Failure to Transmit Message.—Action to Recover Penalty.—Pleading.*—Where an action is brought against a telegraph company to recover the penalty prescribed in section 1 of the act of May 13th, 1852, 1 R. S. 1876, p. 868, for failing to transmit a dispatch, the complaint to be good, must aver that the defendant was "engaged in telegraphing for the public," as required by the statute. An averment that the defendant was "engaged in the business of transmitting telegraphic messages for hire," is not sufficient.

SAME.—*Construction.*—A court can not create a penalty by construction, but must avoid it by construction, unless it is brought within the letter and the necessary meaning of the act creating it.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers,* for appellant.

*W. C. L. Taylor, J. R. East* and *C. W. Henderson,* for appellee.

BIDDLE, J.—The appellee was plaintiff below and the appellant the defendant. The following is the complaint:

"The plaintiff complains of the defendant and says, that on the 7th day of November, 1876, she was an electric telegraph company, duly organized as a corporation under the laws of the State of Indiana, engaged in the business of transmitting telegraphic messages for hire; that she had and was operating an office in the city of Bloomington, Indiana, and another in the town of Worthington, Indiana; that said defendant was the owner and operator

of a line of wires, on the said 7th day of November, 1876, extending to and through each of said points, to wit, the city of Bloomington, Indiana, and the town of Worthington, Indiana; that on the 7th day of November, 1876, the said plaintiff placed in the hands of the agent of said defendant, at Bloomington, Indiana, during the office hours of said defendant, on said day, the following message, to wit :

                " 'Bloomington, Indiana, Nov. 7th, 1876.
" 'To Charles J. Axtell, Worthington, Indiana.

        Tom very sick, dangerous, come.

                  " 'Frank Axtell.'

"That said message, the said defendant undertook and agreed, was to be transmitted without delay to the said Charles J. Axtell at Worthington, Indiana; that said plaintiff paid in advance for the transmission of said message the sum of sixty-five cents, the amount demanded of the defendant's agent at Bloomington, Indiana, for the transmission of said message; that the said Charles J. Axtell, on the said 7th day of November, 1876, resided in the town of Worthington, Indiana, and within less than one mile of the office of the defendant, in the said town of Worthington, Indiana; that the said defendant wholly failed to transmit said message, whereby she became liable to the plaintiff in the sum of one hundred dollars, as penal damages provided and fixed by statute. Wherefore the plaintiff demands judgment for one hundred dollars and other proper relief."

A demurrer, for the alleged want of facts stated, was overruled to the complaint, and exception reserved.

Answer in denial, and three special paragraphs. A separate demurrer to the second paragraph, for want of facts was overruled, and a separate demurrer, for the same cause, to each of the third and fourth paragraphs, was sustained. Trial by jury, verdict for plaintiff, motion for a new trial overruled, exceptions, judgment, appeal.

This action was brought to recover the penalty under the following statute :

" Section 1.   *Be it enacted,*" etc., "That every electric telegraph company, with a line of wires wholly or partly in this State, and engaged in telegraphing for the public, shall, during the usual office hours, receive dispatches, whether from other telegraphic lines or from individuals ; and, on payment or tender of the usual charge, according to the regulations of such company, shall transmit the same with impartiality and good faith, and in the order of time in which they are received, under penalty, in case of failure to transmit, or if postponed out of such order, of one hundred dollars, to be recovered by the person whose dispatch is neglected or postponed," etc.   1 R. S. 1876, p. 868.

Is the complaint sufficient under this statute ?   This is the first question which meets us.

The first objection taken to the complaint is, that it contains no averment that the defendant was "engaged in telegraphing for the public," as required by the statute. In favor of the complaint it is insisted that the averment that the defendant was "engaged in the business of transmitting telegraphic messages for hire," is a sufficient compliance with the statute.

It is evident that this statute was enacted not so much to protect the individual who might be injured by a telegraph company that failed to perform its duty, for he may have his private action for damages, as it was to insure the prompt action of telegraph companies in the performance of their public duty.   For this purpose the penalty is fixed by law, and is in the nature of punishment for a breach of public duty.   Although a plaintiff may not have been injured to the amount of one hundred cents, yet he is entitled to recover one hundred dollars for a breach of a public duty by the defendant.   A statute so highly penal must be construed strictly.   The party claiming under it must bring his case clearly within the letter and

spirit of the act.   Keeping in mind the main purpose of the statute, its highly penal nature, and the rule of strict construction, we can not hold that the words, " engaged in the business of transmitting telegraphic messages for hire," are equivalent to the words, "engaged in telegraphing for the public."   It is a public fact which the courts must know, that there are telegraph companies within this State, which confine their telegraphing generally to their private business, as along railroad lines, and are not "engaged in telegraphing for the public," although they may frequently send messages for hire ; and we see no reason why they may not send messages for persons who employ them for hire, thus making themselves liable to the party for a breach of the special undertaking, but not subject to the public penalty ; yet, if we were to hold the averment in this complaint sufficient, such companies might be made amenable to the statute under consideration.

The appellee insists, as the courts must notice the corporation of the appellant as a part of their public knowledge, that they must also know that it is "engaged in telegraphing for the public."   We do not approve of this view.   A court can not create a penalty by construction, but must avoid it by construction, unless it is brought within the letter and the necessary meaning of the act creating it.   In the case of *The Western Union Tel. Co.* v. *Ferguson*, 57 Ind. 495, it was held, under the same statute, that a plaintiff must aver in his complaint, in order to state a good cause of action, that the defendant had a line of wires wholly or partly in this State, over which it might have transmitted the message, and that it was engaged in telegraphing for the public; for these were facts which must exist, or the plaintiff could not recover the penalty, and of the existence of which neither the court below nor this court could take judicial notice. A telegraph company may be telegraphing for hire, for

particular persons, or for a particular business, and not be telegraphing for the public generally. We can not depart from a rule so necessary and well settled. The complaint in our judgment is not sufficient. *The Western Union Telegraph Company* v. *Buchanan*, 35 Ind. 429 ; *The Western Union Tel. Co.* v. *Lewelling*, 58 Ind. 367 ; *The Western Union Tel. Co.* v. *Lindley*, 62 Ind. 371.

The judgment is reversed, at the costs of the appellee; cause remanded, with directions to sustain the demurrer to the complaint and for further proceedings.