### No. 11,530.

WESTERN UNION TELEGRAPH COMPANY *v.* TRISSAL.

SPECIAL FINDING.—A request for a special finding of facts, with conclusions of law thereon, under section 551, R. S. 1881, need not be accompanied by a statement that it is made with a view to except to the conclusions of law.

SAME.—*Exceptions.*—*Record.*—*Supreme Court.*—In such case, an exception in the words, "to all of which finding of facts, and conclusions of law thereon, the defendant objects and excepts at the time," in the same entry which shows the finding and judgment thereon, but following the judgment, though informal, is sufficient to present to the Supreme Court all questions concerning the conclusions of law.

TELEGRAPH.—*Failure to Transmit Message.*—*Evidence.*—In a suit against a telegraph company for the penalty given by section 4176, R. S. 1881, there can be no recovery without proof that the defendant was engaged in the business of telegraphing for the public.

SAME.—In such case, where the person to whom the message was sent was absent from town, by reason of which it was promptly left at the hotel where he resided, in charge of the hotel clerk, for him, but by failure of the latter to call his attention to it, his receipt of it was delayed, there could be no recovery.

From the Hamilton Circuit Court.

*J. E. McDonald, J. M. Butler* and *A. L. Mason,* for appellant.
*W. R. Fertig,* for appellee.

NIBLACK, J.—Complaint by Francis M. Trissal against the Western Union Telegraph Company, alleged to be a corporation organized and existing under the laws of this State,

and to have been engaged in the business of telegraphing for the public, for failing to transmit a telegraphic message in the order of time in which it was received, and for unlawfully neglecting to deliver such message within a reasonable time after it reached its place of destination.

The message, which was sent from Noblesville, in this State, was as follows:

"November 7th, 1883.

"Charles L. Jewett, New Albany, Indiana:

"Parties here to settle, and want to know whether deed will be sent as requested in my letter.     F. M. TRISSAL."

Issues being joined, and the cause having been submitted to the court for trial, the defendant requested "the court to make a special finding of facts and conclusions of law."

After hearing the evidence, the court made a special finding of the facts as requested. The finding of the court was that, on the 7th day of November, 1883, the plaintiff delivered to the defendant's agent at Noblesville the message herein above set out, at about ten o'clock and fifteen minutes A. M., and paid the agent the sum of forty-one cents for its transmission, which was the usual charge for such a message; that the defendant, impartially and in good faith, and in the order of time in which it was received, transmitted the message to its office at Indianapolis, which was a relay station, from which it had to be forwarded to New Albany; that it was received at Indianapolis at about ten o clock and forty-six minutes A. M. of the same day; that the defendant thereupon in like manner, impartially and in good faith, and in the order of time in which it was received at Indianapolis, transmitted said message to its office at New Albany, where it was received at eleven o'clock and fifteen minutes A. M., also of the same day; that the defendant's telegraphic operator at New Albany took the message off the wires and made a copy to be retained, as was done, in the office; that within from three to ten minutes after the message was so taken off the wires, another copy was given to a competent messenger

boy, who started out to deliver it to the person to whom it was sent; that, at that time, Charles L. Jewett, to whom the message was addressed, resided at the Central Hotel, a well known hotel in the city of New Albany, where he had a room and took his meals, and which was within less than one mile of the defendant's telegraph office at that city; that this hotel had a public office for the convenience of its guests and the transaction of its general business; that this office was in charge of a clerk who performed the duties usually pertaining to one in his position, among which were the answering of inquiries concerning persons stopping or residing at the hotel, and the reception of parcels, letters and telegrams, which might be sent to the hotel for its guests; that behind the counter, and on the wall in the office, but in plain view of persons about the office, were boxes numbered in such a way as to correspond respectively with the numbers of the rooms in the hotel, so that each room had its separate and corresponding box into which letters and telegrams for persons occupying it were placed; that although Jewett, on said 7th day of November, 1883, had occupied a room in the hotel for two months, he had never previously received any letter or telegram through the box corresponding to his room, but had received his mail at a box in the postoffice, and all telegrams sent to him at his office, as was known to both the hotel clerk and the messenger boy; that Jewett was a practicing lawyer, and kept his office in a building within three squares of the defendant's office, at New Albany; that when the messenger boy started out to deliver the message he went directly to Jewett's law office, which he found locked, with no one seemingly in charge of it; that learning, on inquiry, that Jewett resided at the Central Hotel, the messenger boy went to the hotel and made further inquiry for him, when he was informed by the clerk that Jewett was not then in the hotel, but was expected, and would be there soon for dinner, the clerk offering at the same time to take the message and deliver it to Jewett; that the messenger boy thereupon handed

the message to the clerk, who receipted for the same in the defendant's delivery book, writing therein Jewett's full name as the person to whom it had been delivered; that the message was thus received by the hotel clerk at 11 : 40 A. M. of the day on which it was sent from Noblesville; that the clerk put the message in the box corresponding with and belonging to Jewett's room; that Jewett was absent from the city of New Albany during the forenoon of that day, and when he went to the hotel for dinner his attention was not, in any way, called to the message in his box; that at 1 o'clock he returned to his office, where he remained during the entire afternoon; that at 6 :45 o'clock P. M. he went to his box in the hotel office to get the key to his room, where he found the message awaiting him, which was the first intimation he received, from any source, that such a message had been sent to him; that previously, while engaged in a murder trial, Jewett told the messenger boy that if a telegram he was expecting came that day, during the noon adjournment of court, to take it to him at the Central Hotel, and that this circumstance constituted the only direction he had ever given the defendant concerning the delivery of telegrams to him; that Jewett did not expressly authorize the hotel clerk to receive the message for him, and the clerk did not represent to the messenger boy that he was authorized by Jewett to receive it for him.

Upon these facts the court came to the conclusion that the law was with the plaintiff, and that hence he was entitled to recover from the defendants the statutory penalty of $100, and rendered judgment accordingly. Immediately following this judgment, and as a part of the same record entry, these words were added: "To all of which finding of facts, and conclusions of law thereon, the defendant objects and excepts at the time."

The appellee objects: *First.* That there was no special finding of facts made in this case within the meaning of the statute authorizing such a proceeding; *Secondly.* That the -

exception reserved to the alleged finding of facts, and the conclusions of law drawn therefrom, being an exception in gross to two decisions of the circuit court, raised no question for review in this court; *Thirdly.* That as the exception in question was not noted immediately following the conclusions of law, and before the entry of the judgment which ensued, it must be regarded, in any event, as not reserved in time to be effective here. In support of the first objection, it is urged that the request for a special finding of the facts was fatally defective, because not accompanied by a statement that it was made " with a view of excepting to the decision of the court upon the questions of law involved in the trial." Citing section 551, R. S. 1881, as requiring that such a request shall be accompanied by such a statement.

In practice, however, such a statement has never been treated as a necessary part of a request for a special finding of the facts in a cause, and, in the recent case of *Trentman* v. *Eldridge, ante,* p. 525, it has been held not to be a necessary part of such a request. We construe the section cited to mean that upon a trial by the court either party may require a statement of its finding of the facts, for the purpose of enabling him to except to the decision of the court upon the questions of law involved at the trial, provided that such decision shall be adverse to him, and that he shall desire, at the proper time, to reserve an exception to the decision. When, therefore, a party requests the court to state its finding of the facts, and its conclusions of law upon the facts as found, the purpose of the request is impliedly, and hence sufficiently, disclosed. The intimation that a contrary construction might, with propriety, be placed upon section 551 of the code, contained in the case of *Moore* v. *Barnett,* 17 Ind. 349, has met with no response in any case since decided in this court.

It has been held by us that a single exception reserved to two or more rulings of a *nisi prius* court, in gross, presents no question upon an appeal to this court. *Johnson* v. *McCulloch,* 89 Ind. 270. But the exception noted in this case, so far as

it related to the special finding of the facts, was without any legal effect, and hence a nullity. *Cruzan* v. *Smith*, 41 Ind. 288; *Smith* v. *Davidson*, 45 Ind. 396; Buskirk Pr. 205. Being a valid exception only to the conclusions of law, based upon the facts as found, it must be construed as addressed to those conclusions alone, and treated accordingly. The appellee's second objection can not, consequently, be sustained. Referring to the appellee's third objection, it will be readily admitted that the entry of the exception would have been more formal if it had immediately followed that of the conclusions of law to which alone it was applicable, but as it formed a part of the same record entry, and as the exception thus entered purports to have been reserved " at the time," that is, at the time at which the decision complained of was made, we must assume that it was reserved in time to be effectual as an exception to the conclusions of law, and rule upon it accordingly. *Dickson* v. *Rose*, 87 Ind. 103.

As a recurrence to the statement of facts made by the court will make apparent, there was no formal finding that the appellant was engaged in the business of telegraphing for the public as was alleged in the complaint. The establishment of the fact that the appellant was so engaged was a necessary prerequisite to the appellee's right to recover the statutory penalty demanded by him. *Western U. Tel. Co.* v. *Ferguson*, 57 Ind. 495; *Western U. Tel. Co.* v. *Axtell*, 69 Ind. 199; *Western U. Tel. Co.* v. *Adams*, 87 Ind. 598 (44 Am. R. 776).

The appellee, however, claims that the fair inference from the facts distinctly found is that the appellant was, at the time named in the complaint, engaged in telegraphing for the public, and that hence it ought to be held that the fact that the appellant was so engaged was inferentially found by the court.

This being an action for the enforcement of a statutory penalty arbitrarily imposed, we would not feel justified in making so liberal an inference from the facts stated in the finding in aid of the appellee's right to recover. We are, on the contrary, unable to hold that such an inference could be

reasonably made, in any case, to aid in a recovery upon a similarly defective finding of the facts. But, however that may be, we think the facts, as found, did not otherwise make out a case against the appellant.

The only wrong imputed to the appellant in argument was the delay which attended the message in reaching the hands of Jewett, and that was unquestionably caused by Jewett's absence from the city when the message was received at New Albany. When the messenger boy found Jewett's law office locked, and no one there to receive the message, it was his plain duty to take it, as he did, to the hotel at which Jewett resided, and, failing to find Jewett at the hotel, the boy was justified in leaving the message with the clerk in charge of the hotel office. The act of taking a room and lodging in the hotel by Jewett impliedly constituted the clerk, or other person charged with the general management of the hotel, his servant and agent for the reception and preservation of such things of value as would ordinarily come to him to the hotel as his place of residence. This resulted from the exigencies which have called, and still continue to call, hotels into existence, as well as from the nature of the duties which the special finding shows the clerk was in the habit of performing, presumably with the knowledge of Jewett. It was, therefore, not necessary, under all the circumstances attending the transaction, that the clerk should have been expressly authorized by Jewett to take the telegram from the messenger boy. The clerk's implied authority to so take the telegram seems not to have been controverted by Jewett, and that strengthens the inference that the clerk possessed the requisite implied authority as the servant and agent of Jewett. The clerk was, in our estimation, as much authorized, in the absence of Jewett, to receive and take charge of the telegram as if he had been the servant and agent of Jewett in charge of his private residence.

The judgment is reversed, with costs, and the cause is remanded with instructions to the court below to state its con-

clusions of law against the appellee's right to recover upon the facts as found by it, and to render judgment accordingly.

Filed Dec. 13, 1884.