SOUTHERN INDIANA LOAN AND SAVINGS INSTITUTION *v.* DOYLE.

[No. 3,324.    Filed January 11, 1901.]

MORTGAGES. — *Release.* — *Corporations.* — *Penalty.* — Under §1091a, Horner 1897, before its amendment by act of 1901 (Acts 1901, p. 56), a corporation which failed, neglected and refused to satisfy a mortgage held by it which had been fully paid and discharged did not thereby incur a penalty, but the statutory penalty for such neglect or refusal could only be enforced against the officer of such corporation whose duty it was to release the mortgage.

From the Daviess Circuit Court. *Reversed.*

*J. H. O'Neal, W. F. Hoffman, H. Kramer, F. A. Heuring, Jr.,* and *W. L. May,* for appellant.

*W. Heffernan* and *E. Mattingly,* for appellee.

Henley, C. J.—This was an action commenced by appellee against appellant to recover the penalty provided by §1091a Horner 1897, for a refusal to satisfy a mortgage held and owned by appellant. The question in the case depends for its solution upon the construction of this statute. The complaint is in substance as follows: That on the 9th day of March, 1897, appellee executed to appellant a mortgage upon certain real estate in Daviess county, Indiana, and that on the 22nd day of March, 1897, the said mortgage was by said appellant caused to be recorded in the recorder's office of Daviess county, Indiana, in mortgage record thirteen, on pages 432 to 434; that on the 2nd day of February, 1899, appellee fully paid to appellant all the money due and owing or that was claimed to be due and owing from appellee to appellant, and which was secured by the aforesaid mortgage; that appellee thereupon demanded of appellant a release and satisfaction of said mortgage, and thereafter on two separate occasions, each of which was more than four days before the filing of this complaint, repeated his request to said appellant that the said mortgage should be released and satisfied; but that, notwithstanding said demands, appellant has failed, neglected, and refused to release said mortgage. Judgment is demanded by appellee for $25 penalty and for the additional sum of $25 for his attorney's fees in the prosecution of the action.

The section of the statute above referred to, upon which this action is founded, is as follows: "Any person being the owner or holder of any mortgage recorded in the State of Indiana, or the officer of any bank, loan association or other corporation being the owner or holder of any mortgage so recorded, or any administrator, executor, guardian, trustee or other person whose duty it shall be to release any mortgage so recorded, who shall refuse, neglect or fail to

release such mortgage of record when the debt or obligation which such mortgage was made to secure, shall have been paid or discharged, and he shall have been requested to release the same, shall forfeit and pay to the mortgagor or person having the right to demand the release of such mortgage, the sum of $25, which sum may be recovered by suit in any court of competent jurisdiction, together with reasonable attorney's fees incurred in the collection of said penalty."

It is contended by counsel for appellant that appellant corporation is not subject to the penalty provided in said act because corporations are not included or within the meaning of the language used in said act. With this contention of appellant we are inclined to agree. We think it plain under this statute that two classes of persons may be held for the penalty, (1) "any person being the owner or holder of any mortgage in the State of Indiana"; (2) "the officers of any bank, loan association or other corporation being the owner and holder of any mortgage so recorded, or any administrator, executor, guardian, trustee or other person whose duty it shall be to release," etc. The first class was intended to reach all natural persons who hold or own mortgages recorded in this State. The second class, as particularly affecting the case at bar, applies to the officers of any corporation or loan association whose duty it is to release mortgages held by such corporation or loan association which they represent. It is true we have a statute (§1285 Horner 1897) which provides that in the construction of this act, referring to the general provisions of the act governing civil procedure, that the word "person" extends to bodies politic and corporate *"when consistent with the context"*. But in this case, to hold that the word "person" should be construed to mean a corporation would be entirely inconsistent with the context and would be giving to the word a meaning which the legislature did not intend it should have.

If we should adopt appellee's construction of this statute, we would have to say that the pronoun "he", where it appears in the following clause, "and he shall have been requested to release the same, shall forfeit", etc., represents not only the person owning a mortgage and the officer whose duty it is to satisfy a mortgage held by a corporation, but also the corporation itself. Such a construction would be not only liberal but inconsistent with the language used. Our courts have uniformly held that penal statutes must be strictly construed. *Reese* v. *Western Union Tel. Co.*, 123 Ind. 294, 7 L. R. A. 583; *Western Union Tel. Co.* v. *Axtell*, 69 Ind. 199; *Rogers* v. *Western Union Tel. Co.*, 78 Ind. 169, 41 Am. Rep. 558.

The weakness of appellee's position is still further shown if we take the statute and read into it, as counsel for appellee would have us do, the word "corporation" or the words "loan association" in the place of the word "person" as there used. A corporation acts only by its officers and agents. In every instance authority is vested in some "person" to release mortgages held by bodies politic and corporate. The statute under consideration was intended to punish the persons whose duty it was to release mortgages if they fail to perform that duty, and does not give to the mortgagor a right to an action against both the corporation and the officer whose duty it is to release mortgages held by the corporation.

For the error in overruling the demurrer to the complaint, the judgment of the lower court is reversed.