## STUDEBAKER BROTHERS MANUFACTURING COMPANY v. MORDEN.

[No. 19,874. Filed June 26, 1902.]

MORTGAGES.—*Release.—Penalty.—Corporations.*—Section 1105 Burns 1894, prescribing a penalty for failure of any "person" to release a mortgage of record after the same has been paid, does not apply to corporations.

From Vanderburgh Circuit Court; *H. A. Mattison,* Judge.

Action by Wilbur K. Morden against the Studebaker Brothers Manufacturing Company to recover the statutory penalty for failure of defendant to release a mortgage. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*W. W. Ireland* and *Wm. Reister,* for appellant.
*A. W. Funkhouser* and *A. F. Funkhouser,* for appellee.

GILLETT, J.—This case involves a question as to the construction of a statute. Appellee brought this action against appellant, a corporation, on the 18th day of August, 1900, to recover the statutory penalty and an attorney fee because of the omission of appellant to enter of record a release of a mortgage. Appellant filed a demurrer to the

complaint, but its demurrer was overruled, and it reserved an exception to such ruling. After issue joined, a trial was had that resulted in a finding and judgment in favor of appellee.

Appellant assigns as error the overruling of its demurrer to the complaint. The action was instituted under the act of February 18, 1893, Acts 1893, p. 64, §1105 Burns 1894. That act, aside from the title, reads as follows: "Be it enacted by the General Assembly of the State of Indiana, that any person being the owner or holder of any mortgage recorded in the State of Indiana, or the officer of any bank, loan association or other corporation being the owner or holder of any mortgage so recorded, or any administrator, executor, guardian, trustee, or other person whose duty it shall be to release any mortgage so recorded, who shall refuse, neglect or fail to release such mortgage of record when the debt or obligation which such mortgage was made to secure, shall have been paid or discharged, and he shall have been requested to release the same, shall forfeit and pay to the mortgagor or person having the right to demand the release of such mortgage, the sum of $25, which sum may be recovered by suit in any court of competent jurisdiction, together with reasonable attorney's fees incurred in the collection of said penalty."

Appellant's counsel urge that a corporation is not liable to the penalty prescribed by the above statute, while it is claimed by appellee's counsel that the word "person" therein mentioned is a generic term that comprehends a corporation. We are unable to accept the latter view, as applied to the statute in question. Indeed, looking at the entire structure of the statute, the correctness of the position that a corporation is not amenable to the penalty that attaches to a violation of the act seems too plain to warrant elaboration in the decision of this case. We fully approve the reasoning of the Appellate Court upon this subject, in

the case of *Southern Indiana, etc., Inst.* v. *Doyle*, 26 Ind. App. 102.

Judgment reversed. The trial court is directed to sustain appellant's demurrer to the complaint.