IN THE

# Supreme Court of Judicature

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1902, AND MAY TERM, 1903, IN THE EIGHTY-SEVENTH YEAR OF THE STATE.

---

### OSBORN v. HOCKER.

[No. 19,719. Filed January 27, 1903.]

MORTGAGE.—*Failure of Mortgagee to Satisfy.*—*Penalty.*—*Attorney's Fees.* —By reason of an error in the recording of a mortgage, a note secured thereby, for $1,380, was erroneously described as calling for $1,308. A purchaser of the real estate, relying upon the record, assumed the payment of the mortgage as a part of the consideration. When the note became due, the purchaser of the real estate paid $1,308, and upon the refusal of the mortgagee to release the mortgage, brought suit to compel an entry of satisfaction, and to recover penalty and attorney's fees provided for by §1105 Burns 1894. *Held*, that the purchaser was entitled to a release of the mortgage, but could not recover penalty and attorney's fees; since, under the statute, they were recoverable only upon the payment "of the debt or obligation" which "the mortgage was made to secure."

From Hendricks Circuit Court; *R. W. McBride*, Special Judge.

Action by John T. Hocker against Mary A. Osborn. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*R. T. Hollowell, W. N. Harding, A. R. Hovey* and *C. S. Wiltsie*, for appellant.

*E. G. Hogate* and *J. L. Clark*, for appellee.

MONKS, J.—Appellee sued appellant to compel an entry of satisfaction of a mortgage held by appellant, and to recover the penalty and attorney's fees provided for by §1105 Burns 1894 (Acts 1893, p. 64). A trial of said cause by the court resulted in a special finding of facts and conclusions of law thereon, and final judgment in favor of appellee for the penalty and attorney's fees under said section, and a decree for the satisfaction of said mortgage.

It appears from the special finding that in 1899 Douglass Hall sold and conveyed certain real estate in Hendricks county to appellee, who assumed and agreed to pay, as a part of the purchase money, a mortgage thereon, executed by said Hall and wife to appellant to secure five promissory notes. Said mortgage had been duly recorded within forty-five days after its execution, in the proper mortgage record in the recorder's office of Hendricks county, but one of the promissory notes was stated in said record to be $1,308, instead of $1,380, as was stipulated in said mortgage. Appellee purchased said real estate believing in good faith that said promissory note secured by said mortgage was only for $1,308, as shown by the record thereof, and had no notice or knowledge that it was in fact given for the sum of $1,380, and that the mortgage so stated. When said notes became due, the amount thereof, counting one of said notes at $1,308, as shown in the record of said mortgage, instead of $1,380, as shown in the mortgage, was paid to appellant by appellee, who requested appellant to release and satisfy said mortgage of record, which was refused. At this time, appellee was informed that said mortgage, as to that note, was for the sum of $1,380, and not for $1,308, as the same had been recorded. This was the first knowledge that appellee had that the same was for any other or greater sum

than $1,308. That a reasonable attorney's fee for appellee's attorney is $25.

Appellant challenges the correctness of the second conclusion of law under which appellee recovered·a penalty of $25, and an attorney's fee of $25.

It is settled in. this State that under the facts found appellant's mortgage was good against appellee for the amount shown by the record, and not for the amount stipulated in the mortgage. *Gilchrist* v. *Gough,* 63 Ind. 576, 30 Am. Rep. 250; *Johnson* v. *Hess,* 126 Ind. 298, 315-317, 9 L. R. A. 471; *Lowry* v. *Smith,* 97 Ind. 466-468; *State, ex rel.,* v. *Davis,* 96 Ind. 539, 544. Section 1105 Burns 1894 (Acts 1893, p. 64) provides, "That any person being the owner or holder of any mortgage recorded in the State of Indiana  *  *  *  who shall refuse, neglect or fail to release·such mortgage of record when the debt or obligation which such mortgage was made to secure·shall have been paid or discharged, and he shall have been requested to release the same, shall forfeit and pay to the mortgagor or other person having the right to demand the release of such mortgage, the sum of $25, which sum may be recovered by suit in any court of competent jurisdiction, together with reasonable attorney's fees incurred in the collection of said penalty." It has been held by the Appellate Court in *Southern Ind., etc., Assn.* v. *Doyle,* 26 Ind. App. 102, citing *Reese* v. *Western Union Tel. Co.,* 123 Ind. 294, 7 L. R. A. 583, *Western Union Tel. Co.* v. *Axtell,* 69 Ind. 199, *Rogers* v. *Western Union Tel. Co.,* 78 Ind. 169, 41 Am. Rep. 558, that said section was a penal statute, and must be strictly construed. This decision was approved by this court in *Studebaker Bros. Mfg. Co.* v. *Morden,* 159 Ind. 173. It will be observed that the penalty and attorney's fee can be recovered under said section only when the debt or obligation which said mortgage was made to secure has been paid.

The special finding shows that the mortgage was made to secure an obligation for $1,380, and that only $1,308 thereof was paid by appellee. As the special finding does not show that the obligation which said mortgage was made to secure was paid, but, on the contrary, shows it was not paid, it follows that appellee was not entitled to recover the penalty and attorney's fees provided for in said Acts 1893, *supra*. The second conclusion of law was, therefore, erroneous.

The judgment for said penalty and attorney's fees is reversed, with instructions to restate said second conclusion of law, and to render judgment accordingly.

Hadley, C. J., took no part in the decision of this cause.