No. 11,311.

WESTERN UNION TELEGRAPH COMPANY v. MOSSLER.

TELEGRAPH COMPANIES. — *Complaint to Recover Penalty for Failure to Transmit Message.—Statute Construed.—*Section 4176, R. S. 1881, is penal and must be strictly construed, and in a suit before a justice of the peace to recover the penalty, the complaint must aver, and the evidence prove, that the sender of the message had paid or tendered the usual charges, at the time of sending it.

From the Marion Circuit Court.

*J. E. McDonald, J. M. Butler* and *A. L. Mason,* for appellant.

*G. Carter* and *J. N. Binford,* for appellee.

HAMMOND, J.—This was an action, commenced before a justice of the peace by the appellee, to recover the statutory penalty of one hundred dollars for delay in transmitting a message.

The appellee sent the dispatch in question, on September 7th, 1882, from the appellant's office in Indianapolis, to M. L. Jackson, at Lebanon, Indiana. The message, as received by the appellant's agent at Lebanon, was to "M. L. Jacks," the error in the name occurring by some means in the transmission. The appellee, on the evening of the same day, sent another message to Jackson, from which the agent at Lebanon became apprised of the error in the first dispatch and informed for whom it was intended. Both telegrams were delivered to Jackson on the following morning.

The trials before the justice and in the court below, to which an appeal was taken, resulted in favor of the appellee. Judgment was rendered in the circuit court on the finding, over the appellant's motion for a new trial and exceptions. It is assigned for error in this court that the appellee's complaint does not state facts sufficient to constitute a cause of action, and that the court below erred in overruling the appellant's motion for a new trial. The case was tried upon an agreed statement of facts. These, we think, were sufficient

to authorize a recovery in favor of the appellee except in one particular. As presenting this point we make the following extracts from the statement referred to:

"Said plaintiff, Mossler, suffered no actual damages whatever by reason of the error in the transmission of said message set forth in Exhibit B" (the message about which suit is brought), "and never paid or tendered to defendant any money whatever for any or either of the messages in this agreement mentioned and set forth; *. * that defendant did not demand pay in advance for sending said message, Exhibit B, but entered in writing thereon the word 'collect;' that message, Exhibit B, was sent as an answer to message Exhibit A" (which was from Jackson to the appellee); "that it was the custom of the defendant when sending a message as an answer to a previous message, which requested an answer, to send the answer without demanding pay therefor in advance, but entering on said message the word 'collect;' thereby intending to collect the charges for transmitting the same of and from the person to whom the same is sent, as an answer, upon delivery of the same to him, and that it was the custom of defendant upon default of the said receiver paying therefor, to demand pay from the sender thereof, and that no demand on plaintiff has been made for said message, Exhibit B; that the plaintiff at the time was aware of said custom when he sent said message, Exhibit B, and knew the rules and regulations of the defendant regarding the transmission of messages."

The complaint also avers that the appellee did not pay the charge for transmitting the message, but that it was the understanding that he would pay the same on demand, if not paid by Jackson on its delivery to him. The statute (section 4176, R. S. 1881), upon which the appellee's action is predicated, is as follows:

"Every electric telegraph company with a line of wires wholly or partly in this State, and engaged in telegraphing for the public, shall, during the usual office hours, receive

dispatches, whether from other telegraphic lines or from individuals; and, on payment or tender of the usual charge, according to the regulations of such company, shall transmit the same with impartiality and good faith, and in the order of time in which they are received, under penalty, in case of failure to transmit, or if postponed out of such order, of one hundred dollars, to be recovered by the person whose dispatch is neglected or postponed: *Provided, however,* That arrangements may be made with the publishers of newspapers for the transmission of intelligence of general and public interest out of its order, and that communications for and from offices of justice shall take precedence of all others."

The letter of the statute requires the sender of a dispatch to pay or tender the usual charges, according to the regulations of the company, and unless this is done we think that he can not recover the statutory penalty for failure or postponement in the transmission of his message. The regulations mentioned are those which the company may make for the payment of dispatches by the senders thereof. They do not relate to regulations which may be made relieving the sender from payment unless the receiver refuses to pay on delivery of the message to him. From the facts stated, it would seem that the appellee, by the regulations of the company, had the election to pay in advance or to be responsible for payment in case of Jackson's refusal. The former method would have brought his case within the statute, and entitled him to the penalty for the appellant's failure or delay in the transmission of his message. But he accepted the company's waiver of payment in advance, and thereby waived the statutory penalty.

The law is familiar that penal statutes must be strictly construed. 1 Bl. Com. 88; Smith Com. 854; Sedgwick Stat. Law 279; Sco. & Tel., section 432.

In *Western Union Tel. Co.* v. *Axtell,* 69 Ind. 199, it was held that the averment in the complaint, that the defendant "was 'engaged in the business of transmitting telegraphic mes-

sages for hire,'" was insufficient as not being equivalent to an averment that the defendant was "engaged in telegraphing for the public," as required by the statute. It was said in that case: "A statute so highly penal must be construed strictly. The party claiming under it must bring his case clearly within the letter and spirit of the act. Keeping in mind the main purpose of the statute, its highly penal nature, and the rule of strict construction, we can not hold that the words 'engaged in the business of transmitting telegraphic messages for hire' are equivalent to the words 'engaged in telegraphing for the public.' * * * A court can not create a penalty by construction, but must avoid it by construction, unless it is brought within the letter and the necessary meaning of the act creating it."

In *Rogers* v. *Western Union Tel. Co.*, 78 Ind. 169 (41 Am. R. 558), this court said: "The statute is a highly penal one, and we can not extend its operation by a liberal construction." See, also, *Western Union Tel. Co.* v. *Ferguson*, 57 Ind. 495, in which it was said: "Under the provisions of the statute, * * * which provides a penalty for a failure to transmit a telegraphic message, it is not every telegraph company which is subjected to such penalty for such failure, but it is the telegraph company which has 'a line of wires wholly or partly in this State,' and which is 'engaged in telegraphing for the public,' that is made amenable to the penalty prescribed by our statute for the failure to transmit a message, 'on payment or tender of the usual charge.'"

We adhere to the rule of construction announced in *Western Union Tel. Co.* v. *Hamilton*, 50 Ind. 181, *Western Union Tel. Co.* v. *Gougar*, 84 Ind. 176, and *Western Union Tel. Co.* v. *Roberts*, 87 Ind. 377, that the statute must have such a reasonable construction as will not defeat the plain intention of the Legislature. In each of the above cases, the facts brought the plaintiff's cause of action plainly within the letter of the statute. In such case, hypercritical construction is not to be resorted to for the purpose of defeating the object of the

enactment. But where the plaintiff's case is not plainly brought within the letter of the statute, its provisions must not be enlarged by construction so as to embrace such case. To authorize a recovery in a case like the present, the complaint must aver, and the evidence must show, in addition to other necessary facts, that the plaintiff paid or tendered the company's charges for transmitting the message, at the time of sending it.

The application of the decision in this case is intended to be limited to actions to recover the statutory penalty.

The same particularity of pleading in civil actions before justices of the peace is not required as in the higher courts. Ordinarily, a complaint before a justice will be sufficient if it apprises the defendant of the plaintiff's demand, and if it will bar another action for the same cause. But where, as in the present case, the complaint shows affirmatively on its face that the plaintiff has no cause of action, the rule does not apply, and the complaint will be held bad, though attacked for the first time in this court. The appellee's complaint stated no cause of action, and the finding of the court was not sustained by sufficient evidence.

Judgment reversed, with costs, with instructions to the court below to sustain the appellant's motion for a new trial, and to dismiss the appellee's case unless he amends his complaint so as to state a good cause of action.

Filed April 26, 1884.