The Western Union Telegraph Company *v.* Steele.

Filed Nov. 3, 1886.

———————◆———————

No. 12,783.

THE WESTERN UNION TELEGRAPH COMPANY *v.* STEELE.

STATUTES.—*Penal.*—*Construction.*— Penal statutes must be strictly construed.

TELEGRAPH COMPANY.—*Transmitting Message.*—*No Penalty for Mere Neglect.*—*Statute Construed.*—Under the act of 1885, an action will not lie against a telegraph company to recover a penalty for neglect in transmitting a message, that act providing a penalty only for bad faith, partiality and discrimination.

From the Montgomery Circuit Court.

*J. E. McDonald, J. M. Butler* and *A. L. Mason,* for appellant.

*G. W. Paul, J. E. Humphries, W. E. Humphries, W. M. Reeves* and *J. S. Zuck,* for appellee.

ELLIOTT, J.—The appellee instituted this action to recover the penalty imposed for a breach of duty by the statute.

The telegram was delivered to the appellant on the 23d day

of May, 1885, and the statute which governs is that enacted in 1885, for that act repeals the earlier one.   *Western Union Tel. Co. v. Brown, post,* p. 538.

The complaint must, therefore, be good under the provisions of the later act.

It is settled law that a penal statute must be strictly construed, and we are, therefore, required to confine the operation of the statute to the cases which it specifies, for we can not extend it by construction.   Acting upon this rule, we must hold that the act of 1885 does not prescribe a penalty for neglect in transmitting messages.   This conclusion is, indeed, the only one that can be reached without greatly enlarging the words of the statute, and it is strengthened by the fact that the statute which the act of 1885 repeals prescribed a penalty for a negligent breach of duty, while that of 1885 contains no such provision, thus clearly evincing the intention of the Legislature not to give a penalty for a negligent breach of duty.

The act of 1885 prescribes a penalty for a breach of duty only in three cases, bad faith, partiality, discrimination, and the complaint before us shows, at most, a mere neglect of duty, and fails entirely to show bad faith, partiality or discrimination.

Judgment reversed.

