Filed Nov. 23, 1886.

No. 12,832.

THE WESTERN UNION TELEGRAPH COMPANY *v.* WILSON.

TELEGRAPH COMPANY.—*Refusal to Transmit Message ·Over Indirect Line When Direct Line is Available.—Penalty.*—A telegraph company is not liable for the penalty provided in section 4176, R. S. 1881, for refusing to receive a message for transmission from one office to the desired destination, over an indirect line necessitating repetition, where it has another office in the same town, and only a short distance from the first, from which the message can be sent directly to its destination, without repetition, and from which it subsequently is sent without delay, and promptly delivered.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers,* for appellant.

*J. W. Buskirk* and *H. C. Duncan,* for appellee.

ZOLLARS, J.—The evidence establishes the following facts: In December, 1884, appellant, the Western Union Telegraph Company, had two offices in the town of Gosport in this State, situated about eighty yards apart, one on the Indianapolis

and Vincennes Railroad, called the upper office, and one on the Louisville, New Albany and Chicago Railroad, called the lower office. It had a line of wire along the line of each of said railroads. That along the line of the Louisville, New Albany and Chicago Railroad led direct from Gosport to Bedford, in this State. Over that line a message could be sent direct from Gosport to Bedford, without being repeated. The wire along the line of the Indianapolis and Vincennes Railroad led to Indianapolis. In order to get a message over that line from Gosport to Bedford, it would have been necessary to send it to Indianapolis, and there repeat it to Lafayette, New Albany, Greencastle or Crawfordsville, and there again repeat it to Bedford.

At about 5 o'clock P. M. of the 22d day of December, 1884, appellee went to the upper office in Gosport, being that on the line of the Indianapolis and Vincennes Railroad, and wrote and presented to appellant's agent a message addressed to Capt. Friedley, at Bedford. The agent told him that the charge for transmitting the message would be thirty cents; that he would not transmit it from that office, and that he, appellee, would have to send it from the other office, being the lower office, on the line of the Louisville, New Albany and Chicago Railroad; that it would go direct from that office. Upon appellee saying that he was in a hurry, the agent told him that he could get a boy to take the message to the other office, and upon appellee saying that he would not do so, the agent told him that he would take it for him. At that time the message, and a half dollar of appellee's money, out of which he requested the thirty cents to be taken, were upon the counter. After the agent had declined to send the message from that office, and after the above conversation, appellee took the message and money from the counter, saying that he would sue the company, went to the other office, submitted the message, and paid the thirty cents, and at fifteen minutes after 5 o'clock P. M. of the same day, the message

had been transmitted and delivered to Capt. Friedley at Bedford.

There is no conflict in the evidence as to the above stated facts. The agent at the upper office testified that at the time he instructed appellee to go to the other office, he explained to him that if sent from the upper office the message would have to be forwarded to Indianapolis, and there be repeated to Lafayette or New Albany, and then again be repeated to Bedford.

That testimony was contradicted by appellee only indirectly, if, indeed, it was contradicted at all.

Upon the foregoing evidence, the court below found for appellee, and awarded him the statutory penalty of one hundred dollars.

It will be observed, that the wrong on appellant's part, if there was any wrong as claimed by appellee, occurred in December, 1884, before the passage of the act of 1885, Acts 1885, p. 151. It has been held that that act repealed section 4176, R. S. 1881, upon the same subject, but that such repeal did not release or extinguish any penalty incurred under that section. *Western Union Tel. Co.* v. *Brown, post,* p. 538.

If, therefore, appellant was guilty of any wrong, which, under that section, made it liable for the penalty therein provided, appellee may recover it in this action. That section was as follows: " Every electric telegraph company with a line of wires wholly or partly in this State, and engaged in telegraphing for the public, shall, during the usual office hours, receive dispatches, whether from other telegraphic lines or from individuals; and, on payment or tender of the usual charge, according to the regulations of such company, shall transmit the same with impartiality and good faith, and in the order of time in which they are received, under penalty, in case of failure to transmit, or if postponed out of such order, of one hundred dollars, to be recovered by the person whose dispatch is neglected or postponed," etc.

That statute was a penal one, and while it must be given a reasonable construction so as to make it subserve the purpose for which it was enacted, it must yet be strictly construed. A party claiming under it must bring his case clearly within the letter and spirit of the act. *Western Union Tel. Co.* v. *Axtell,* 69 Ind. 199; *Western Union Tel. Co.* v. *Mossler,* 95 Ind. 29; *Western Union Tel. Co.* v. *Kinney,* 106 Ind. 468; *Western Union Tel. Co.* v. *Harding,* 103 Ind. 505.

In the case of *Western Union Tel. Co.* v. *Axtell, supra,* it was said: "A court can not create a penalty by construction, but must avoid it by construction, unless it is brought within the letter and the necessary meaning of the act creating it." See, also, *Burgh* v. *State, ex rel., ante,* p. 132.

In construing statutes, the prime object is to ascertain and carry out the purpose of the Legislature in its enactment, and, while it is the duty of the court to yield to the words of the statute, still, in determining what meaning it was intended to have, it is proper to consider its spirit, the object it was intended to subserve, and the evils it was intended to remedy. Without doing violence to the language of the statute, the words used will be so construed as to bring the operation of the act within the intention of the Legislature. It is said to be an established rule, applicable to the construction of remedial statutes, that cases not within the reason, though within the letter, shall not be taken to be within the statute. *Miller* v. *State, ex rel.,* 106 Ind. 415; *Stout* v. *Board, etc.,* 107 Ind. 343; *City of Evansville* v. *Summers, ante,* p. 189; *Middleton* v. *Greeson,* 106 Ind. 18.

Doubtless there have been, and will hereafter be, many cases where it is important that the message shall be transmitted with impartiality and good faith, and where a failure in that regard will occasion but little pecuniary loss. The statute was intended to insure such good faith and impartiality in such, and all other cases, and hence, without regard to the amount of loss that may be suffered by those interested in the message, a penalty, by way of punishment, is imposed for

a failure of duty on the part of the telegraph company. While the penalty is a fixed one, and in no way affected by the amount of damages that may be suffered by any one interested in the message, it is manifest that where there has been no neglect of duty, owing to such persons, and no invasion of their rights, as such duty and rights are fixed by the statute, there can be no penalty.

A telegraph company can not limit its liability for the penalty by contract, but if a case be such that, aside from such contract, those interested in the message can not maintain an action for damages, either nominal or otherwise, it must be plain that the company can not be held for the penalty. It can not be punished for a neglect of duty where it owes no duty. It can not be punished for not doing that which it is under no obligation to do. This, we think, is clearly the proper construction of the statute, and is in consonance with former rulings by this court.

In the case of *Julian* v. *Western Union Tel. Co.*, 98 Ind. 327, in speaking of the above section 4176 of the statute, it was said: "The statute does not make mere delay a ground for recovery, but the dispatch must be wrongfully postponed, or, in the language of the statute, ' neglected,' or postponed in bad faith, or through partiality. Here, as we have seen, there was no bad faith, no partiality, no negligence, and, therefore, there was a transmission of the message within the meaning of the law."

Upon the grounds suggested, it has been held that the telegraph company may stipulate that the claim for the penalty shall be presented within a reasonable time. *Western Union Tel. Co.* v. *Meredith*, 95 Ind. 93 ; *Western Union Tel. Co.* v. *Jones*, 95 Ind. 228 (48 Am. R. 713).

And so, it has been held, that an action for the penalty can not be maintained by a person who has delivered his dispatch for transmission and delivery on Sunday, for the reason that the penalty can not be recovered for the failure to perform an illegal contract. *Rogers* v. *Western Union Tel. Co.*, 78 Ind.

169 (41 Am. R. 558). See, also, *Carnahan* v. *Western Union Tel. Co.*, 89 Ind. 526 (46 Am. R. 175).

In the case of *Western Union Tel. Co.* v. *Harding, supra,* it was held, that under section 4176, *supra,* a telegraph company may regulate, reasonably, its office hours according to the requirements of the business at the various points where it holds itself out for public service, and that the penalty for failing to seasonably transmit a message is not incurred, unless there is a failure to receive and transmit during the usual office hours, both at the point where the message is received, and that to which it is transmitted.

In short, the holding of these cases is, that the telegraph company can not be held liable for the penalty where it has not, by the violation of some right, or the neglect of some duty (independent of some contract limiting its liability for damages), made itself liable to the sender of the message.

In the case before us, the evidence fails to show that the telegraph company violated any of the appellee's rights, or neglected any duty it owed to him. The message was promptly transmitted over the direct line from Gosport to Bedford, and promptly delivered to the person to whom it was addressed. To have sent it from the office on the Indianapolis and Vincennes Railroad, would have been to take it from the direct line provided by the company, send it hundreds of miles around, and subject the company to the liability that might result from mistake in the two necessary repetitions of the message. Having the direct line of wire between Gosport and Bedford; being ready and willing to, and having promptly transmitted the message over that line, it would be unreasonable to hold the company liable to appellee for having declined to send it over the other indirect and roundabout line. It would be as much, if not more, unreasonable to punish the company by the infliction of the penalty of one hundred dollars for having declined to do that which appellee had no right to demand should be done.

It was but a very short distance from one office to the

other; the message was transmitted with less risk of mistake, and in less time than it would have been possible to transmit it over the other line.   To allow appellee to recover the penalty of one hundred dollars, under the facts and circumstances of the case, would be, it seems to us, to turn the statute into an enginery of wrong and oppression.

We are not dealing with a question of conflict in the evidence, but there is here a total want of evidence to make a case against appellant under the statute.   It results that the judgment must be reversed.

This conclusion makes it unnecessary to consider other questions discussed by counsel.

Judgment reversed, at appellee's costs, and cause remanded, with instructions to the court below to sustain appellant's motion for a new trial.

Filed Nov. 23, 1886.