No. 12,876.

THE WESTERN UNION TELEGRAPH COMPANY v. SWAIN.

TELEGRAPH COMPANY.—*Penalty.*—*Negligence.*—*Act of 1885.*—No penalty is recoverable under the act of April 8th, 1885, concerning telegraph companies, for a mere negligent omission to transmit a message.

From the Wayne Circuit Court.

*J. E. McDonald, J. M. Butler* and *A. L. Mason,* for appellant.

*A. C. Lindemuth,* for appellee.

MITCHELL, J.—An act approved April 8th, 1885, "prescribing certain duties of telegraph and telephone companies, prohibiting discrimination between patrons," etc., provides that every telegraph company, with a line of wires wholly or partly within this State, shall during the usual office hours receive and transmit dispatches with impartiality and in good faith, and in the order of time in which they are received, and shall in no manner discriminate between any of its patrons, etc. A violation of any of the provisions of the act renders the person or company liable to any party aggrieved in a penalty of $100.

On the 5th day of December, 1885, the appellee, Albertus Swain, commenced an action in the Wayne Circuit Court against the appellant for the recovery of the prescribed penalty. A recovery was had according to the prayer of the complaint.

It is assigned for error here, that the complaint does not state facts sufficient to constitute a cause of action.

After the proper formal allegations, the complaint charges that, on the 19th day of October, 1885, the appellee delivered to the appellant's agent at Richmond, Indiana, a certain telegraphic dispatch addressed to William A. Hallett, at Neosho, Missouri, accompanying the message with the charges demanded for its transmission, but that the "defendant wholly failed and neglected to transmit said telegraphic message to said Hallett."

It thus appears that the default charged against the company was its negligent failure to transmit the message delivered to it to the person to whom the dispatch was addressed. For such a default simply, the statute above referred to imposes no penalty. The statutory duty as respects telegraph companies is to transmit messages with impartiality and in good faith, and in the order of time in which they are received, without discrimination. The statutory penalty is incurred when its acts or omissions are characterized by, or result from, partiality or bad faith, or when it postpones messages out of the order of time in which they are received, or when it discriminates in rates charged or in the manner and conditions of service between its patrons. Each and all of the acts which involve the company in penal consequences, proceed from some aggressive violation of statutory duty imposed, and not from a mere negligent omission to act according to the obligation of its contract as a public carrier of messages.

Section 4176, which is superseded by the act of April 8th, 1885, imposed a penalty, " in case of failure to transmit, or if postponed out of such order, * * * to be recovered by the person whose dispatch is neglected or postponed."

A broad difference is at once apparent between the statute now in force, and that which preceded it, on the same subject. Being highly penal in character, it is to receive such a construction as not to involve penal consequences, except when the act complained of is clearly within the prohibition of the statute. *Western Union Tel. Co.* v. *Steele,* 108 Ind. 163; *Western Union Tel. Co.* v. *Wilson,* 108 Ind. 308.

Since the complaint charges a merely negligent omission of duty without more, it fails to bring the case within the consequences of the statute. The first assignment of error is well made.

The judgment is reversed, with costs.

Filed Jan. 28, 1887.