Filed April 2, 1891.

———————

No. 32.

The Western Union Telegraph Company v. Griffin.

Telegraph Company.—*Action to Recover Statutory Penalty.—Pleading.—Complaint.—*In an action against a telegraph company to recover the penalty imposed by the act of April 8th, 1885, upon telegraph companies for breach of duty, the complaint need not refer to the statute. If the complaint contains averments which bring the case clearly within the letter and spirit of the statute, it is sufficient.

Same.—*Complaint.—*In such action the complaint is not bad because it fails to aver that the message was offered and accepted "upon the usual terms."

Same.—*Sunday.—Necessity.—*A message addressed to a doctor, and delivered to the agent of a telegraph company on Sunday, reading: "My daughter is very sick; come at once," being set out in the complaint, shows a reasonable necessity for the transmission on that day, and that the company knew of that necessity.

The Western Union Telegraph Company *v.* Griffin.

JUDGMENT.—*Rendition of in Absence of Counsel.—Setting Aside.*—Where the clerk of the court fails to keep his promise to inform the attorneys of the defendant, who reside in another town, of all the,movements in the case, and judgment is rendered against the defendant in the absence of the attorneys, such failure on the part of the clerk to keep his promise is not a sufficient cause for setting aside the judgment on the ground that it was taken through the "mistake, inadvertence, surprise and excusable neglect of the defendant."

From the Starke Circuit Court.

J. E. *McDonald*, J. M. *Butler*, A. H. *Snow* and P. *Daniels*, for appellant.

NEW, J.—This was an action by the appellee against the appellant to recover the penalty of one hundred dollars imposed by the act of April 8, 1885, upon telegraph companies for breach of duty. The complaint is as follows :

" The plaintiff complains of the defendant, and says that at the time of the grievances hereinafter set forth the defendant was, and now is, an electric telegraph company, duly organized as a corporation, and engaged in the business of transmitting telegraph messages for the public, generally, for hire, in the State of Indiana, and at the time of said grievances had been, and was, operating an office in the town of Knox, Starke county, Indiana, and another in the town of Monterey, Pulaski county, Indiana, about fourteen miles distant from said town of Knox, and owned and operated at said time a line of wires connecting said towns ; that on the 21st day of October, 1888, at one o'clock in the afternoon of said day, plaintiff placed in the hands of defendant's agent, at defendant's office in said town of Knox, during the office hours of said defendant, in substance, the following message, to wit :

'KNOX, INDIANA, October 21, 1888.
' DR. EUGENE STEVENS, Monterey, Indiana :
' My daughter is very sick. Come at once.
'EMANUEL GRIFFIN.'
" That plaintiff paid defendant in advance the sum of twen-

ty-five cents for the transmission of said message, which defendant took and accepted, and undertook and agreed to transmit without delay, with impartiality, and in good faith, and in the order of time in which said message was received; that the amount received by the defendant, as aforesaid, was the full amount demanded by defendant for the transmission of said message; that the said Dr. Eugene Stevens resided in the town of Monterey, aforesaid, within less than one mile of said defendant's office therein; that the said defendant held said dispatch, and did not transmit the same to its office in said town of Monterey until four o'clock and fifteen minutes in the afternoon of the 22d day of October, 1888, and did not deliver said message until five o'clock in the afternoon of said day to the said Stevens; that said defendant did not transmit said message with impartiality, and in good faith, without delay, and in the order of time in which said message was received, but on the contrary, in respect thereto, exercised partiality and bad faith; whereby defendant became indebted to plaintff in the sum of one hundred dollars, which is due and unpaid. Wherefore plaintiff demands judgment against said defendant in the sum of one hundred dollars, and for all other proper relief."

Issues were joined by the appellant answering in general denial. There was a trial by the court, and judgment for the appellee for one hundred dollars and costs. At the same term the appellant filed a motion, and affidavits in support thereof, asking that the judgment be set aside, on the ground that the same was taken through the "mistake, inadvertence, surprise, and excusable neglect" of the appellant, which motion was overruled by the court, and excepted to at the time by the appellant.

The errors assigned call in question the sufficiency of the complaint, and the action of the court in overruling the motion to set aside the judgment.

The first objection taken to the complaint is, that there is in it no reference to the statute which imposes the penalty,

and that it can not be known from the averments in the complaint whether the action is to recover the statutory penalty or to recover damages for breach of contract.

In some of the States it is, by statute, required, in actions for the recovery of a penalty, or forfeiture, to indorse on the process, or in the complaint refer to the act fixing the penalty ; but there is nothing in our civil procedure act exacting this. And besides, the statute here involved is one of which the courts will take notice. We are of the opinion that, in declaring upon this statute, it is only necessary to state such facts as will bring the case within it. If the complaint contains averments which bring the case clearly within the letter and spirit of the statute, it would seem to be sufficient. *Western Union Tel. Co.* v. *Axtell,* 69 Ind. 199.

In this case we think it reasonably plain that the appellee is seeking to recover the penalty provided by statute.

It is next urged against the complaint that it fails to allege that the message was offered and accepted " upon the usual terms." It is insisted that these words may not be omitted, because of the familiar rule that penal statutes are to be construed strictly.

We do not favor the view that before the penalty can be incurred the message to be transmitted must be received upon no other terms or conditions whatever than those usually stipulated between the company and its patrons. We are not prepared to hold that if the company should receive for the transmission of a message less than the usual rates, or more, it could thereby effectually bar a recovery of the penalty, whatever may have been its conduct in other respects. If the object of the statute was simply to protect the individual, it might be said, with some force, perhaps, that if he was a party to a discrimination in his own favor, he ought not to have the benefit of the statute ; but this enactment was not so much for the protection of the person who might be injured by the failure of the company to perform its duty to him (for he may have his private action for

damages) as it was to secure the prompt action of telegraph companies in the performance of their public duty.  *Western Union Tel. Co.* v. *Axtell, supra.*

The next fault found with the complaint is, that the contract was made on October 21, 1888, that day being Sunday, and that it is not shown that a reasonable necessity existed for sending the message, or making the contract on that day.

Ordinarily, a contract made on Sunday is invalid, and the parties to it will not be compelled to perform it, unless it be shown that there was a reasonable necessity, known to the contracting parties, for the doing of the act, or thing, contracted about.

It appears from the complaint that the act contracted for was within the usual vocation of the appellant, and it was incumbent on the appellee, therefore, to plead facts showing that there was a reasonable necessity for receiving and transmitting the message on that day, and that the appellant knew of that necessity.

Such reasonable necessity, and notice of that fact, may be shown from the contents of the telegram itself, or it may be shown by extrinsic facts.  *Western Union Tel. Co.* v. *Yopst,* 118 Ind. 248.

Both reasonable necessity and notice are shown by the message in this case.  It was addressed to a doctor, saying:

" My daughter is very sick.   Come at once.

" EMANUEL GRIFFIN."

In the case of *Reese* v. *Western U. Tel. Co.*, 123 Ind. 294, the message was as follows :

"*To A. S. Clements :*

" My wife is very ill ; not expected to live.

"WILLIAM REESE."

The court in that case says that the telegraph company " was bound to know that the message pertained in some way to the serious illness of the appellant's wife, and therefore that prompt communication with the person to whom

the message was addressed was much desired, and especially so in view of the additional fact that the appellant undertook to communicate by a telegraphic dispatch." See, also, *Western U. Tel. Co.* v. *Sheffield,* 71 Texas, 570.

The appellant, for his last objection to the complaint, urges that it makes a case of neglect only, and, therefore, is not a good cause of action for the recovery of the statutory penalty. We do not think this objection well taken. The statute, so far as it is necessary to quote from the same, reads as follows:

" Every telegraph company with a line of wires wholly or partly within this State, and engaged in doing a general telegraph business, shall, during the usual office hours, receive dispatches, whether from other telegraph lines, or other companies, or individuals, and shall, upon the usual terms, transmit the same with impartiality and in good faith, and in the order of time in which they are received, and shall in no manner discriminate in rates charged, or words or figures charged for, or manner or conditions of service between any of its patrons, but shall serve individuals, corporations, and other telegraphic companies with impartiality." Elliott's Supp., section 1120.

This statute is penal and must be strictly construed. It is well settled that where the complaint charges a merely negligent omission of duty, without more, it fails to bring the case within the consequences of the statute. *Western U. Tel. Co.* v. *Swain,* 109 Ind. 405 ; *Western U. Tel. Co.* v. *Steele,* 108 Ind. 163 ; *Western U. Tel. Co.* v. *Jones,* 116 Ind. 361.

The statutory penalty, however, is incurred where the acts or omissions of the company are characterized by, or result from, partiality or bad faith, or where it postpones messages out of the order of time in which they are received, or where it discriminates in rates charged or in the manner and conditions of service between its patrons. *Western U. Tel. Co.* v. *Swain, supra.*

It can not be overlooked that the statute imposes the penalty for failure to transmit a message in the order of time in which it is received, and it will be observed that the complaint contains the direct averment that the message was not sent in the order of time in which it was received. It can not be said, therefore, that the failure of the company to transmit a message in the order of time in which it is received for transmission, is mere neglect of duty. It is something more. It is a discrimination against the party whose message is first in the order of time of reception. Such discrimination, although it consists in the omission to discharge a duty imposed by the statute, is an aggressive violation of that duty, is in bad faith and not impartial.

It is averred in the complaint that the message was delivered to the company's agent in the town of Knox at one o'clock in the afternoon, and was not transmitted by said agent until four o'clock and fifteen minutes in the afternoon of the next day. While it is true that a holding of the message before transmission for a period of time so extraordinary might be the result of mere neglect, still it may, as we think, be properly considered, in connection with all other averments in the complaint, in determining whether it should be treated as charging a mere negligent omission of duty.

The cases which we have cited in 108 Ind. 163, 109 Ind. 405, and 116 Ind. 361, are relied on by the appellant. In none of those cases was the company charged with partiality, bad faith, discrimination, or failure to transmit in the order of time in which the message was received.

The complaint in the case at bar states facts sufficient to bring it within the provisions of the statute of 1885.

We will not recapitulate in full the evidence introduced in support of the motion made in the circuit court to be relieved from the judgment rendered against the appellant. The showing made was substantially as follows: The attorneys of the appellant all reside at Indianapolis. They

had the promise of the clerk of the circuit court that he would keep them advised of all movements in the case. On the second day of the term, January 8th, the appellant was ruled to answer, and the court at the same time set the case down for trial on the 17th of the same month, thus: " Set 2d Tuesday." The clerk by telegram informed appellant's attorneys of the rule to answer, and they at once forwarded the answer to the clerk who filed it. This put the case at issue. The clerk was absent when the time for the trial was fixed by the court, and he did not know of it until the 17th, after the judgment had been taken on that day. Two days thereafter he telegraphed the attorneys of the appellant as follows: " Judgment has been taken against your company in the Starke Circuit Court to the amount of one hundred dollars. Cause was set in my absence or I would have informed you." The agents of the appellant for the towns of Knox and Monterey were present at the trial as witnesses for the appellee, one of whom, the agent at Monterey, had been subpœnaed in the forenoon of January 16th.

Assuming that the appellant has shown that it has a meritorious defence to the action, is it entitled, under section 396, of the code, to the relief asked ?

We have examined the cases referred to by appellant's counsel, and do not think they support the motion.

As this section originally stood it was within the discretion of the court to grant, or refuse, the relief; but the section, as it now reads, gives to the court no discretion whatever, but makes it an imperative duty to relieve a party if he brings himself within the statute. This we do not think the appellant has done.

If the arrangement made by the appellant with the clerk is respected, it will become a precedent, and whenever a like arrangement shall be made hereafter, and the clerk does not keep his promise, the court will be placed under the imperative duty of giving relief. Such arrangements would probably become frequent, because of the disposition of the offi-

cers of courts to be courteous and obliging to attorneys. We do not think it has been shown that it was the imperative duty of the court below to grant the appellant's request.

The judgment is affirmed, with costs.

Filed April 2, 1891.