The Western Union Telegraph Company *v.* Bierhaus *et al.*

No. 1,053.

## THE WESTERN UNION TELEGRAPH COMPANY *v.* BIERHAUS ET AL.

TELEGRAPH COMPANY.—*Action for the $100 Penalty.—When Will Not Lie.—Disclosure.—Statute Construed.*—An action to recover the $100 penalty imposed by the act of April 8, 1885 (section 5511, R. S. 1894), alleging an unlawful disclosure of a telegram, will not lie, the act of disclosure not being, by express terms nor by fair implication, within the meaning of the act providing for such penalty; and the statute, being a penal one, must be strictly construed.

SAME.—*Statute Construed.—Act of April 8, 1885.*—The act above referred to does not award liquidated damages for failing to perform a duty, but gives a penalty to a private individual, and was intended as a punishment for such wrongful acts only as were not covered by the criminal statutes.

SAME.—*Statute Construed.—Transmission and Delivery.—Disclosure.—Good Faith.*—The transmission of a telegram in good faith and with impartiality, as provided by statute, act 1885, means the forwarding of the message and delivery thereof accurately and without favor or preference, and does not include a non-disclosure of the telegram.

SAME.—*Statute Construed.—Messages.—Discrimination.*—The statute, section 5511, R. S. 1894, makes no discrimination between private dispatches and those of any other character, except messages of public and general interest, and those to and from officers of justice.

STATUTORY CONSTRUCTION.—*Criminal and Penal Statutes.—Double Punishment.*—Where one statute declares a given act to constitute a criminal offense, and prescribes a punishment therefor, a second enactment in the nature of a penal statute, should not be so construed as to bring the act constituting the crime within the purview thereof, unless by express terms it is so provided.

From the Daviess Circuit Court.

*J. T. Beasley* and *A. B. Williams,* for appellant.

*W. R. Gardiner, C. G. Gardiner* and *J. W. Ogdon,* for appellees.

REINHARD, J.—The appellees brought this action to recover from the appellant the penalty imposed by the act of April 8, 1885, the breach alleged being the disclosure of several telegraphic dispatches.

A separate demurrer addressed to each paragraph of complaint was overruled. There was a trial, and a finding and judgment in favor of appellees. But two questions are presented by the appeal, and they arise from the ruling upon the demurrer. They are these:

1. Can the statutory penalty of one hundred dollars be recovered on account of the willful disclosure of the contents of a telegraphic dispatch by the company through its agents or employes?

2. Can an action to recover such penalty be maintained in any county other than the one from which the dispatch was sent, and in which the contract was entered into?

The statute upon which this suit is sought to be maintained, as indicated by its title, was designed to enjoin certain duties upon telegraph and telephone companies, and to provide penalties for the violation of the same. Section 1 of the act provides, amongst other things, that the company shall, upon the usual terms, transmit any messages received for that purpose, "with impartiality and good faith, and in the order of time in which they are received, and shall in no manner discriminate in rates charged, or words or figures charged for, or manner or conditions of service between any of its patrons, but shall serve individuals, corporations and other telegraphic companies with impartiality."

Section 2 defines the duties of telephone companies.

Section 3 provides a penalty of one hundred dollars for each offense in violating any of the provisions of the foregoing sections, to be recovered by the party aggrieved in a civil action in any court of competent jurisdiction. R. S. 1894, sections 5511–5513.

This statute, by amendment, has taken the place of the act of May 6, 1853, which, upon the subject of our

The Western Union Telegraph Company v. Bierhaus et al.

investigation, was similar, in its provisions, to the present statute. See R. S. 1881, section 4176.

It will be seen, at a glance, that there is no provision, in the enactment under consideration, prohibiting telegraph companies, in express terms, from divulging the contents of a telegraphic message. The question is, is such provision contained in the act by fair implication? or, in other words, can it be said to be fairly within the meaning of the act?

The question here presented has never been decided in our State, nor, so far as we have been able to discover, in the courts of any of our sister States. It is, therefore, with us at least, a question of first impression, but this will not lessen the duty of giving it a most careful consideration.

At first blush, the candid mind will naturally be impressed with the justness of an interpretation which would, without a glaring violation of legal principles, result in visiting a penalty upon any company that suffers its employes to divulge the contents of a message intended for none but the scrutiny of the addressee. It is true that we have a criminal statute making it an offense for any such employe to reveal the contents of any telegraphic dispatch, and providing a punishment for the same ( R. S. 1894, section 2248 ), but public policy would, perhaps, dictate that the law should go a step further, and hold a rein over the companies themselves, so that every inducement would incline them not to retain in their service those who would thus betray a trust of so sacred a character. But it is not the office of a court, in construing a statute, to inject into it, by forced interpretation, matters which, according to the notions of the judge, should have been, but were not, placed there by the framers, however much such matters might conduce to the public interest, for if there is a want of proper

legislation upon such subject, it is for the law-making power, and not for the courts, to supply the remedy.

There are certain well defined, and, in fact, elementary rules of interpretation to which the courts are bound to adhere in giving construction to a statute.

The act under consideration, as has been repeatedly decided, does not award liquidated damages for failing to perform a duty, but gives a penalty to a private individual, and being, therefore, highly penal in its character, must be strictly construed. Hence, if the act complained of is not clearly within the scope of prohibition contained in the statute, the latter must receive a construction such as will not involve penal consequences. *Western Union Tel. Co.* v. *Pendleton,* 95 Ind. 12; *Western Union Tel. Co.* v. *Mossler,* 95 Ind. 29; *Western Union Tel. Co.* v. *Harding,* 103 Ind. 505; *Western Union Tel. Co.* v. *Kinney,* 106 Ind. 468; *Western Union Tel. Co.* v. *Steele,* 108 Ind. 163; *Western Union Tel. Co.* v. *Wilson,* 108 Ind. 308; *Western Union Tel. Co.* v. *Brown,* 108 Ind. 538; *Western Union Tel. Co.* v. *Swain,* 109 Ind. 405; *Hadley* v. *Western Union Tel. Co.,* 115 Ind. 191.

The statute must be "at once strictly construed and pursued." Thompson Law of Electricity, section 450.

One of the first ends to be accomplished in finding the meaning of the statute is to ascertain its object and design.

As was said by ZOLLARS, J., in *Western Union Tel. Co.* v. *Wilson, supra:* "In construing statutes, the prime object is to ascertain and carry out the purpose of the Legislature in its enactment, and, while it is the duty of the court to yield to the words of the statute, still, in determining what meaning it was intended to have, it is proper to consider its spirit, the object it was intended to subserve, and the evils it was intended to remedy. Without doing violence to the language of the

statute, the words used will be so construed as to bring the operation of the act within the intention of the Legislature.''

Telegraph companies are *quasi* public corporations, and are, under the general duty they owe to the public, required to transmit and deliver any messages given to them for that purpose, on the payment or tender of the usual charges, with reasonable diligence and in the order of time in which such messages were delivered.

While these obligations rest upon such companies by virtue of their *quasi* public character, and, perhaps, as common law obligations, yet, in order to set this question at rest, many, if not all, the States of the Union have passed appropriate statutes requiring such companies, under penalties, to receive messages, and, on payment of the usual charges, to transmit them faithfully, without unreasonable delay, and in the order in which they are received, and without making unjust discriminations between patrons. Thompson Law of Electricity, section 157, *et seq.*

Besides the statutes already referred to, the Legislature of this State also passed an act prohibiting, in express terms, the disclosure of telegraphic messages, and giving a remedy in damages to the party injured, to the extent of such injury, and making such company liable for failure or negligence in the performance of their duties generally. R. S. 1894, section 5513.

It is not claimed by the learned counsel for appellees, that the civil and criminal statutes, other than the one under immediate consideration, do not furnish full and adequate remedies to the patrons of telegraph companies, in the transaction of their business, nor do we think such a position would be tenable. The criminal statute fully punishes the wrongdoer, while the civil remedy gives ample redress for the consequences resulting from

unlawful disclosure. In addition to these, the penal statute in hand makes the wrongful acts of the servants of these corporations, such as partiality, discrimination, and bad faith in the transmission of messages, a tort for which the company is bound to respond in the penalty prescribed.

To our minds, it is clear that this penalty was intended to punish such wrongful acts only as were not covered by the criminal statutes. Any other construction would impute to the law-making power an intention to assess a double punishment for the same offense. The law, as interpreted in this State, abhors the infliction of double penalties. It is for this reason that the courts will refuse to adjudge punitive damages when the criminal law provides a punishment against the wrongdoer. It is true the criminal statute here does not operate directly against the corporation, but the act constituting the malfeasance is nevertheless punished. Corporations are but fictitious persons, and all their acts and omissions are only the real acts or omissions of their agents. Some of the authorities go so far as to hold that punitive damages are allowed against corporations, if at all, only in extreme cases. 5 Am. and Eng. Encyc. of Law, 23.

Our own courts hold, however, that punitive damages may be recovered against a corporation for the wrongful acts of its servants, where such damages might be recovered against the servant. *Jeffersonville R. R. Co.* v. *Rogers*, 28 Ind. 1; *Jeffersonville R. R. Co.* v. *Rogers*, 38 Ind. 116; *Citizens' St. R. R. Co.* v. *Willoeby*, 134 Ind. 563, 33 N. E. Rep. 627.

We do not undertake to declare that a penal law in the nature of the one under construction would be invalid if there already existed a criminal statute against the same act, as that question is not before us. But we do give it as our conviction that when one statute declares

a given act to constitute a criminal offense, and prescribes a punishment therefor, a second enactment in the nature of a penal or *qui tam* statute should not be so construed as to bring the act constituting the crime or offense within the purview thereof, unless by express terms it is so provided. Here, in our view, both the letter and spirit is against the interpretation contended for, and it is the duty of the court, to avoid the penalty by construction, rather than to create it. *Western Union Tel. Co.* v. *Axtell*, 69 Ind. 199; *Western Union Tel. Co.* v. *Mossler, supra; Western Union Tel. Co.* v. *Harding, supra.*

While, as has been stated, the Supreme Court has never passed upon the exact question here in dispute, some of its rulings in recent cases are indicative of what it considered as the acts denounced by this statute, and for which the penalty is awarded. Thus it was declared that failure or delay in the transmission of messages was the only thing provided against by the law of 1853, and that the act of 1885 added to these the element of discrimination in rates charged, or manner or condition of service. *Western Union Tel. Co.* v. *Brown, supra; Hadley* v. *Western Union Tel. Co., supra.*

It is true that in some of the cases it is said that the statute in question denounces three distinct acts, viz: Bad faith, partiality, and discrimination. *Western Union Tel. Co.* v. *Steele, supra; Western Union Tel. Co.* v. *Swain, supra.*

But these acts can have reference only to the duty of transmission, as they are inseparably connected with the same by the language of the law itself. To divulge the contents of a message has no necessary connection with its transmission. It may be transmitted ever so faithfully and impartially, and yet its import may be disclosed, either before or after the transmission, or during the

progress thereof. Our opinion is that transmission in good faith and with impartiality means the forwarding of the message and the delivery thereof, accurately and without favor or preference.

There is another feature in this case not unworthy of consideration. The complaint avers that the messages transmitted were of a private business nature, and some weight is sought to be given this fact in the brief of appellees' counsel. But the statute makes no discrimination between private dispatches and those of any other character, except that messages of public and general interest, and those to and from officers of justice, have preference over private dispatches.

If the appellees can recover the penalty in this action, what is there to hinder the sender of any dispatch, whatever its nature, from recovering it? Or will it be claimed that "bad faith" can be ascribed only to the disclosure of private messages?

The statute giving a remedy in special damages (section 5513, R. S. 1894) expressly confines it to cases in which the disclosure is that of a private dispatch, but not so with the act of 1885. It makes no such discrimination. It requires as much "good faith" in the transmission of a public or nonsecret message as in a private one. Can it be true that the Legislature intended to impose this penalty on telegraph companies for every disclosure by its servants? If so, we shall never see the end of the litigation to spring from it. And yet, not a case is to be found on record where the penalty has been claimed for any divulgence.

Without further extending this opinion, we give it as our conclusion that the action will not lie.

We think the demurrer should have been sustained.

As this disposes of the entire case, it will not be nec-

essary for us to pass upon the question of jurisdiction of the trial court.

Judgment reversed.

Filed Jan. 9, 1894.