Peterson *v.* The Western Union Telegraph Company.

Filed June 5, 1894.

———————◆———————

No. 1,115.

PETERSON *v.* THE WESTERN UNION TELEGRAPH COMPANY.

TELEGRAPH COMPANY.—*Discrimination.—Penalty.—When Company is not Liable.*—Where a telegraph operator received a message for transmission and the charges thereon, in good faith, believing that his company had an office at the point of destination, and, in the due order of time, attempted to transmit the same, when he learned for the first time that his company did not have an office at such point for the transaction of general telegraphic business, and hence could not deliver the message, and, at first opportunity, tendered back the transmission fee, the company is not liable for the penalty prescribed by sections 5511 *et seq.*, R. S. 1894, for discrimination.

From the Elkhart Circuit Court.

*H. C. Dodge,* for appellant.

*J. M. Butler, A. H. Snow* and *J. M. Butler, Jr.,* for appellee.

DAVIS, J.—In her complaint against appellee, in the court below, appellant charged that appellee "is a telegraph company with lines of wires in this State and other States, and, among other places, in the city of Elkhart, Ind.," that on the 11th of October, 1892, during regular business hours, said appellant delivered to the agent of appellee, at said office, a message for transmission to Boliver, Indiana, and that said agent, acting for appellee, received said message, accepted twenty-five cents in

payment for transmitting the same, and promised and agreed to transmit said message, and that, "in fact, said defendant did not in good faith or otherwise transmit said message at all, although after it received said message, and accepted pay for its transmission, it received and sent messages from said office to other persons."

This action is based on sections 5511 and 5512, R. S. 1894. The appellee answered, in substance, that Boliver was on the Chicago and Erie Railroad; that there was posted in the office of the Cincinnati, Wabash and Michigan Railroad, at Elkhart, a list of telegraph offices, furnished by said railroad company, among which was Boliver; that the agent of appellee had only been in said office a short time, and when said message was offered, in reliance on said list, he accepted the same in good faith, believing that said company had at that time an office in the town of Boliver, and did transmit the same in regular course of business and in the order of time of its reception to Chicago, Illinois, to be there transmitted to Boliver, that being the regular route for such transmission for points on the Chicago and Erie Railroad, and that the agent was then notified for the first time that appellee did not have an office for transaction of general telegraph business at Boliver, and that it was impossible to transmit the said message to its destination, and that as soon as he could find appellant he tendered her the sum she had paid for such transmission; that appellee did not discriminate in any manner against appellant; and that said agent accepted and attempted to transmit the same, in good faith, to its destination immediately and impartially, etc.

A demurrer was overruled to this answer. This ruling is the basis of the only error assigned in this court.

This is not an action for breach of contract or for a negligent omission to act according to its obligation as

a public carrier. The action is for the violation of a penal statute. There can be no recovery in such case unless an aggressive violation of a statutory duty is shown. The statute does not prescribe a penalty for neglect in transmitting messages, or 'for breach of contract, but the penalty imposed is for discrimination, for failure to transmit "with impartiality and in good faith, and in the order of time in which they are received."

In this case there was no office at Boliver. It was impossible to transmit the message by telegraph to that point. Whether the company may be liable for breach of contract in failing to do what it agreed to do, we need not determine. The only question with which we are concerned is whether there has been a breach of duty imposed by the statute which entitles appellee to recover the penalty therein provided. On principle and authority, our opinion is that admitting the facts stated in the answer to be true, appellee has no right to recover in this action. *Western Union Tel. Co.* v. *Swain,* 109 Ind. 405 (406); *Western Union Tel. Co.* v. *Steele,* 108 Ind. 163; *Western Union Tel. Co.* v. *Griffin,* 1 Ind. App. 46.

Judgment affirmed.

Filed June 5, 1894.