Little Rock and Fort Smith Telegraph Co. v, Davis.

judgment rendered. *Bank of Missouri v. Franciscus, 15 Mo., 308.*

Affirmed.

---

LITTLE ROCK & FORT SMITH TELEGRAPH CO. v. DAVIS.

1. TELEGRAPH COMPANIES: *Bound to ordinary care and vigilance.*
   Telegraph companies are not insurers, and do not guarantee the delivery of all messages with entire accuracy and against all contingencies, but they do undertake for ordinary care and vigilance in the performance of their duties and to answer for the neglect and omission of duty of their servants and agents.

2. SAME: *Damages for negligence.*
   In a common law action against a telegraph company for negligence in failing to transmit or deliver a message, nominal damages only can be recovered unless actual damages are alleged and proved; but in a suit under the statute (*Gantt's Dig., sec. 5721*) no actual damage need be alleged or proved.

3. SAME: *W en negligence presumed.*
   When it is proved that the agent of a telegraph company received a message and failed to deliver it, and there is no proof to account for or excuse the negligence, it may be assumed to have been intentional on the part of the agent or a gross disregard of duty.

APPEAL from *Pulaski* Circuit Court.

Hon. J. W. MARTIN, Circuit Judge.

*Clark & Williams,* for appellants:

No damages are alleged or proven, but the suit is for the *penalty* prescribed by *sec. 5721 Gantt's Dig.* This statute is essentially primitive, and to incur the penalty there must be *intentional wrong*—for penal statutes must be strictly construed. *9 Bac. Abr., 252, "Statute"; 2 N. J. S., (1 Penn.) 210; Steelman v. Bolton, Id., 231; Adams v. Scull, 3 N. J. S., (2 Penn.) 741; Id., 950.* To incur a penalty there must be an intentional omission. *Russell v. Irby. 18 Ala., 131; 4 Conn., 421; 40 Wis., 393.*

Telegraph companies are not common carriers, They are not insurers, but only bound to use due care and diligence. *Field on Dam.*, secs. *426, 431*.

There could be no recovery without some allegation of carelessness on part of the company or damage to plaintiff. *29 Md., 232; 2 Am. Law Review, 615.*

*T. J. Oliphint, E. A. Bolton*, for appellee :

The finding of the court below sitting as a jury will not be disturbed by this court. *25 Ark., 562; 37 Id., 97.*

The word "transmit" as used in our statute ( *Gantt's Dig., 5721–2.*) means to safely send over the wires, the reception of the message at its destination, and its preparation for delivery. The onus was on defendant to show some good excuse for their failure or neglect, and it was not necessary for plaintiff to show bad faith, or prove damage. *W. U. Tel. Co. v. Ward, 23 Ind., 337.*

## STATEMENT.

ENGLISH, C. J.   In February, 1881, Savilla Davis brought this suit before a justice of the peace of Faulkner county, against the Little Rock and Fort Smith Railway Telegraph Company, for the statute penalty of $100 for neglecting to transmit a message, &c.   The plaintiff, on a trial, recovered judgment, and defendant appealed to the Faulkner circuit court ; where, on its application, the venue was changed to the Pulaski circuit court.

In the latter court the case was submitted to the court, sitting as a jury, on an agreed statement of facts, as follows :

"It is agreed by the parties in this case that Savilla Davis, the plaintiff, sent a telegram, paying the usual charges therefor, from Mexico, Missouri, to Conway, in Faulkner county, Ark., to F. S. Riley.   The following is the telegram :

'F. S. Riley, Conway, Ark., via L. R.          :
   I leave Mexico to-night.   4 P. D. S. D. (64). (S. D).
                                  Savilla Davis.'

This telegram had to pass over the wires of the Western Union Telegraph Company from Mexico to Little Rock, and then over the wires of the Little Rock and Fort Smith Railway Telegraph Railway Company to Conway. The telegram was received by Mr. Norris, the operator of the department at Little Rock. He transmitted it over the wires from Little Rock to Conway on the twenty-seventh day of January, 1881, the day on which it was received. He received in answer to the telegram the usual receipt for it, but from some cause unknown to the parties, the telegram was not delivered to Riley, although he called for it several times, the operator at Conway recollecting nothing about it."

The court was not asked to make any special declaration of law as applicable to the case, but the plaintiff moved the court to declare the law to be for her upon the agreed facts ; and a like general declaration was asked in favor of defendant ; and the court made the former and refused the latter declaration.

"The court on submission of the case, on agreed statement of facts, found the facts to be that plaintiff, in due course of business, delivered a dispatch to be forwarded over the lines of defendant at the time claimed, she having paid the usual charges for the same. That the defendant undertook to deliver the same, but failed to do so through the negligence of its employe, the agent at Conway. And thereupon declared the law to be, that under the facts presented the defendant is liable to plaintiff for the $100 penalty prescribed by the statute."

Judgment was accordingly entered, and defendant moved for a new trial on the grounds :

1.   Because the finding of the court was contrary to evidence and the facts of the case.

2.   Because the court erred in refusing to declare the law upon the facts to be for defendant, but declared it to be for plaintiff.

3.   Because the verdict is otherwise irregular, erroneous and illegal.

The court overruled the motion for a new trial, and defendant took a bill of exceptions and appealed.

### OPINION.

The statute under which the suit was brought provides :

"It shall be the duty of the owner or association owning any telegraph lines, doing business within the State, to receive dispatches from and for other telegraph lines and associations, and from and for any individual, and on payment of their usual charges for individuals for transmitting dispatches, as established by the rules and regulations of such telegraph line, to transmit the same with impartiality and good faith, under the penalty of one hundred dollars for every neglect or refusal so to do, to be recovered with costs of suit, in the name and for the benefit of the person sending, or desiring to send, such dispatch, &c." *Gantt's Dig.*, sec. 5721.

The agent of the appellant company, at Little Rock, received the dispatch in question, and promptly it appears, sent it to the agent at Conway, who received it, and returned the usual receipt. So far no negligence is imputed to appellant. But the dispatch was not delivered to Riley, although he called for it several times, and the agent could, or did render no excuse for his failure to deliver it. It seems he could recollect nothing about it. The delivery of the dispatch was part of the duty of transmission, which appellant assumed.

The court found, upon the agreed facts, that appellant,

Little Rock and Fort Smith Telegraph Co. v. Davis.

failed to deliver the dispatch, through the negligence of its employe at Conway, and the finding was warranted by the facts agreed on.

While telegraph companies are not insurers and do not guarantee the delivery of all messages with entire accuracy, and against all contingencies, they do undertake for ordinary care and vigilance in the performance of their duties, and to answer for the neglect and omission of duty of their servants and agents. *Baldwin v. United States Telegraph Co., 45 New York, 751; Hubbard et al. v. Western Union Telegraph Co., 33 Wisconsin, 565.*

In a common law action against a telegraph company for negligence in failing to transmit or deliver a message, nominal damages only can be recovered, unless actual damages are alleged and proved. *Ib.; 1 Sutherland on Damages, p. 10.*

But in a suit under the above statute no actual damage need be alleged or proved. The statute fixes the amount or penalty to be recovered, whether the actual damage be great or small.

By the statute of several of the American states, penalties are imposed upon telegraph companies for failure in the discharge of many of the duties resting upon them in respect to the transmission and delivery of messages; as for example, in respect to failure to transmit the message with impartiality and good faith; failure to send the message in the order of time in which it is received for transmission; disclosure of contents of message by the agents and servants of the company; failure to transmit and deliver the message, etc.

In other states many of these violations of duty are made criminal, and punished with fine and imprisonment. See a collection of such statutes in *Law of Telegraphs, Scott & Jarnagan, secs. 419–446.*

Counsel for appellant submit that the statute being penal, and therefore to be strictly construed, there can be no

1. TELEGRAPH COMPANIES. Bound to ordinary care and vigilance.

2. SAME: Damages for negligence at common law.

By statute

3. NEGLIGENCE. When presumed.

recovery under it unless the negligence complained of be *intentional*.

The court below was not asked to make any special declaration of law construing the statute, but to declare in general terms that the law upon the agreed facts was for appellant, which was refused.

Conceding it to be true, for the disposal of this case, without deciding it, that a recovery can be had, under the statute, for intentional neglect to transmit or deliver a message, only when the plaintiff proves alleged negligence, must he go farther and prove that it was intentional on the part of the telegraph company, or its agents, or is the burthen upon the defendant to prove that it was accidental, and not wilful?

The authorities are that negligence being shown by plaintiff, the burthen is shifted to defendant to excuse it. *Western Telegraph Company v. Ward, 23 Indiana, 377; Central Law Journal, vol. 2, p. 748–9.*.

In this case it was proved or agreed, that the agent at Conway received the telegram, but did not deliver it to Riley, although he called for it several times, and nothing is shown to account for or excuse this negligence. The court below was warranted, therefore, in assuming that the negligence was intentional on the part of the agent, or a gross disregard of duty.

On a charge of murder at common law, it is a familiar rule that the fact of killing being proved, the law implies malice, and the burthen of proving circumstances of excuse, mitigation or justification is upon the accused.

In the administration of penal stututes, it is perhaps a general rule that where the wrongful act is proved, it devolves upon the defendant to show that it was unintentional, accidental, excusable or justifiable.

In *Russell v. Irby, 13 Ala., 131*, the case relied on by counsel for appellant as in point, the plaintiff brought debt

under a penal statute against defendant for cutting and removing timber from the plaintiff's land. We take it that if nothing had been proved in that case but the fact that defendant's servants cut and hauled trees from plaintiff's land, the court would have decided that plaintiff was entitled to recover the statute penalty in the action. But it was proved, by defendant no doubt, that he directed his servants to cut timber on his own land, and pointed out as well as he could, his line, but that the servants unintentionally, in cutting timber, passed over defendant's line, and cut and removed a few trees from plaintiff's land. The court held, upon the whole evidence, that inasmuch as the trespass was shown to have been accidental, and not intentional, plaintiff could not recover the statute penalty, but would have to resort to a common law action for actual damage—the value of the timber.

Affirmed.