Frauenthal v. Western U. Tel. Co.

## FRAUENTHAL v. WESTERN U. TEL. CO.

TELEGRAPH COMPANIES: *Negligent omission to transmit message.*

> The *Act of March* 31, 1885, imposes a penalty on telegraph companies for refusing to transmit messages, but prescribes no penalty for a mere negligent omission to transmit or deliver a message; and for an injury resulting from such negligence, the party aggrieved is remitted to an action for damages.

APPEAL from *Faulkner* Circuit Court.

F. T. VAUGHAN, Judge.

*Denison & Frauenthal,* for appellants.

This suit is for the penalty prescribed by *Acts* 1885, *p.* 178.

A failure to transmit under certain circumstances amounts to a *refusal* under the statute; a failure to *deliver* is a failure to transmit. 84 *Ind.* 176; 41 *Ark.* 79; *Bouvier Law Dic. p.* 527. Refusal is a *neglect after demand.* 4 *Cush.* 178. See also 6 *Gray* 224; 9 *Metc. (Mass.)* 432; 8 *Cow.* 88; 9 *Wheat (U. S.)* 325.

When a failure to perform an act happens through the negligence of the party and which could have been avoided, a failuae under such circumstances amounts to a refusal. 15 *Mich.* 525; 35 *Penn. St.* 298.

It is true *section* 10 *of the act* leaves out the word "neglect" which formerly appeared in the act of 1861, but for a "wilful" neglect it provided a penalty. *Secs.* 7 *and* 8. The intention of the act was to reach not only refusal, but neglect to transmit.

*U. M. & G. B. Rose,* for appellee.

The *Act of* 1885, *p.* 170, repeals the former statute prescribing a penalty for a negligent failure to transmit a message. *Acts* 1885, *p.* 180. This act inflicts a penalty only

in case of a refusal to transmit. This is manifest by comparing it with *sec.* 6419 *Mansf. Dig.* which it repealed.

In Indiana, where there is a similar statute, it is held that the penalty can no longer be recovered for mere negligence in transmission. 8 *N. E. Rep.* 171 ; 9 *Id.* 78.

See 7 *Sup. Court Rep.* 1126.

SMITH, J. The 10*th section of the Act of March* 31, 1885, declares that "every telegraph company and telephone company doing business in this state must, under a penalty of five hundred dollars for each and every refusal so to do, transmit over its wires to localities on its lines for any individual or corporation or other telegraph or telephone company, such messages, dispatches or correspondence as may be tendered to it by, or to be transmitted to, any individual or corporation or other telegraph or telephone companies, at the price customarily asked and obtained for the transmission of similar messages, dispatches or correspondence, without discrimination as to charges or promptness."

And by the fourteenth section of the same act, *section 6419 of Mansfield's Digest,* which imposed a penalty for a negligent failure to transmit a dispatch, was expressly repealed. Session Acts of 1885, p. 176.

The present action was brought to recover the penalty of five hundred dollars prescribed by the act, for failing to deliver the following message :

"Conway, Ark. May 10, 1886.

Cowgill & Hill,

  Carthage, Mo.

  Give us your lowest figures on flour.

M. & J. Frauenthal & Co."

The telegram was transmitted promptly as far as Kansas City, Mo., but was lost between that place and Carthage by the negligence of the defendant. A jury was waived and the court declared the law as follows :

"The plaintiffs are not entitled to recover unless they show a refusal on the part of the defendant to transmit the message, and a refusal to transmit does not mean mere negligence in transmission, but implies an act of the will on the part of the defendant or its servants, such that they wilfully decline or fail to transmit, intending that the message shall not be sent. If the defendant receives the message, and makes a *bona fide* effort to transmit, however negligently, there is no refusal."

And as there was no evidence of a wilful refusal by the defendant to receive and transmit the message, the finding and judgment were in favor of the defendant.

TELE-
GRAPH COM-
PANIES:
Neligent
omission to
transmit
message.

Under the act of 1885, no penalty is recoverable for a mere negligent omission to transmit or deliver a message. For the redress of such injuries, the party aggrieved is remitted to his remedy for damages. This has been decided in Indiana, which once had upon its statute books a law similar to *section* 6419 of *Mansfield's Digest*, but repealed it and substituted provisions substantially like our present law. *W. U. Tel. Co v. Steele*, 108 *Ind.* 163; *S. C.* 9 *N. E. Rep.* 171; *W. U. Tel. Co. v. Swain*, 109 *Id.* 405.

In the case first cited the court say :

"It is settled law that a penal statute must be strictly construed, and we are therefore required to confine the operation of the statute to the case which it specifies, for we cannot extend it by construction. Acting upon this rule, we must hold that the act of 1885 does not prescribe a penalty for neglect in transmitting messages. This conclusion is, indeed, the only one that can be reached without greatly enlarging the words of the statute; and it is strengthened by the fact that the statute, which the act of 1885 repeals, prescribed a penalty for a negligent breach of duty, while that of 1883 contains no such provision; thus

clearly evincing the intention of the legislature not to give a penalty for a negligent breach of duty."

Judgment affirmed.