BROOKS *v*. WESTERN UNION TELEGRAPH CO.

Opinion delivered May 21, 1892.

*Telegraph companies—Refusal to deliver message.*

> The act of March 31, 1885, imposes a penalty on telegraph companies for refusing to transmit messages, but prescribes no penalty for a refusal to deliver a message after it has been transmitted.

Appeal from Garland Circuit Court.

JAMES B. WOOD, Judge.

The complaint in this case is as follows:

The plaintiff, J. B. Brooks, a resident of Garland county, State of Arkansas, complains of the defendant, a foreign corporation, doing business under the laws of the State of Arkansas, and alleges—

That, on the 13th day of August, 1890, at Hot Springs, county and State aforesaid, defendant failed and refused to deliver to the plaintiff the following message, received by defendant's agents in Hot Springs, to-wit:

> "*Eden, Ill., Aug. 13, 1890.*
> To J. B. BROOKS,
>       Hot Springs, Ark.:
>   Father is dying.
>       (Signed)      T. C. BROOKS."

That said message was sent by T. C. Brooks, brother of plaintiff, at Eden, State of Illinois, at the office of defendant, all charges demanded being paid, and that said message was transmitted over the wires of defendant and received in its office in Hot Springs on the 13th day of August, 1890; that, through the willful and gross negligence of the agents and servants of defendant, at Hot Springs aforesaid, defendant failed and

refused to deliver said message to plaintiff with reasonable promptness, though he made demand therefor, to it or its servants, on the 1st day of September, 1890. That thereby the defendant became indebted in the amount of five hundred dollars to the State of Arkansas, for whose use the same is given in the sum of two hundred and fifty dollars, and to plaintiff for whose use the same is given in the sum of two hundred and fifty dollars; whereby an action accrued to the plaintiff, according to the provisions of section 10 of an act granting certain privileges to, and prescribing certain duties of, telegraph and telephone companies, and for other purposes, passed by the legislature of the State of Arkansas, and approved March 31, 1885. Whereupon, the plaintiff prays judgment for five hundred dollars ($500) and for other relief."

A demurrer to the complaint was sustained, and plaintiff appealed.

*Charles D. Greaves* for appellant.

The word "transmit" is broad enough in its meaning to include delivery. 6 S. W. Rep. 513; 62 Ind. 371; 84 *id*. 176; Gray on Telegraphs, secs. 65, 71, 73. The complaint charges willful and gross negligence. Jones on Bailments, pp. 9, 22, 46, 119, 120; 6 El. & Bl. 891, 900. It follows the language of the statute. 1 Griffith (Ind.), 46; *ib*. 121. See also 41 Ark. 79.

*U. M. & G. B. Rose* for appellee.

The complaint really charges a neglect to deliver, and not a refusal. There is no liability under the statute for such neglect. 50 Ark. 80; 109 Ind. 405; 108 *id*. 163; 116 *id*. 361. The statute is highly penal, and is strictly construed. A mere *neglect to deliver* does not come within the act.

COCKRILL, C. J. The act of March 31, 1885, imposes a penalty upon a telegraph company for refusing to "transmit over its wires to localities on its line" any message tendered to the company for transmission.

The controlling question in this case is, does this language impose a penalty for the company's refusal to deliver a message to the addressee after it has been transmitted over its wires to the locality on its line to which it is addressed ?

The terms of the act are confined to a refusal to "transmit over the wires." The language is not to transmit and deliver the message, as in the Indiana act referred to in argument ; nor is it simply " to transmit," as in our act of 1881, which was construed to mean to transmit to the addressee, in the *Little Rock*, *etc.*, *Telegraph Co.* v. *Davis*, 41 Ark. 79. The terms of · the present act confine the penalty to the refusal to transmit over the wires to the locality on the line to which the message is addreseed.

The statute is penal, and its terms cannot be extended beyond their obvious meaning. Where there is a doubt, such an act ought not to be construed to inflict a penalty which the legislature may not have intended. This is a familiar rule of construction. Applied to this case, it resolves the question in favor of the company, for it cannot be said that the language plainly implies the intention to visit a penalty for a refusal to deliver a message after it has been transmitted. It follows that it is only when a telegraph company doing business in this State refuses to transmit a message tendered to it that the penalty is incurred. *Frauenthal* v. *Western Union Telegraph Co.*, 50 Ark. 78.

When the message is transmitted, and the company neglects or refuses to deliver it when its obligation requires delivery, the person injured is remitted to his common law remedy. The appellant does not contend that he has alleged facts entitling him to recover on the latter score. We find no error, and the judgment will be affirmed.