54  391<br>
144m555<br>
54  391<br>
87  558<br>
54  391<br>
96  ¹411

</div>

GEORGE E. DUDLEY, Respondent, v. THE WESTERN UNION TELEGRAPH COMPANY, Appellant.

Kansas City Court of Appeals, May 22, 1893.

*Per Smith, P. J.*

1. **Telegraphs:** PENALTY: TRANSMISSION AND DELIVERY: STATUTE. The penalty imposed by section 2725, Revised Statutes, 1889, for failure to transmit messages promptly and with impartiality and in good faith does not apply to the delivery to the addressee but merely to the transmission over the wire, following *Connell v. Tel. Co.*, 108 Mo. 459.

2. **Construction:** RULE AS TO PENAL STATUTES. A penal statute is not to be regarded as including anything which is not clearly and intelligently described in its very words as well as manifestly intended by the legislature.

3. **Telegraphs:** PENALTY: TRANSMISSION AND DELIVERY. ELLISON and GILL, JJ., concur solely because of the controlling authority of *Connell v. Tel. Co.*, *supra;* ELLISON, J., in a separate opinion *holding* that "transmit" in the statute covers the delivery of the telegram and that the amendment of the statute casting the burden of proof on the company that the wire was engaged as the reason of the delay in transmitting, in no wise controls the preceding provisions of the section, and does not mean that the wire being engaged was the only excuse to be allowed the company, but was merely an excuse peculiarily within its knowledge.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

REVERSED

*Karnes, Holmes & Kruthoff,* for appellant.

(1) Defendant contended in the circuit court that this statute applied only to the transmission of the message and that the transmission was required to be done "promptly and with impartiality and good faith." The circuit court, as will be perceived from its finding of facts and its refusal of defendant's declarations of law, extended the statute to a case of negligence in the delivery of the telegram. This statute has recently been construed by the supreme court of Missouri *in banc.* The court said, per BRACE, J.: "This section is, in form and substance, a penal statute and subject to the rules of construction which obtain in respect of such statutes, and require that 'no case shall be held to fall within it which does not fall both within the reasonable meaning of its terms and within the spirit and scope of its enactment.' Endlich on Interpretation of Statutes, ch. 12." *Connell v. Tel. Co.,* 18 S. W. Rep. 883; *Brooks v. Tel. Co.,* 19 S. W. Rep. (Ark.) 572. (2) That this is the scope of the statute under consideration is emphatically made clear by its closing clause: "The burden of proof shall be upon the company to show that the wire was engaged as the reason for the delay in transmitting such dispatch." It thus appears that of the defendant's appliances for transacting its business, only "the wire" was in the legislative mind. (3) By writing and signing the message in the form he did, the plaintiff signified both his knowledge of the rule of the company and his assent to it. *Hill v. Tel. Co.,* 11 S. E. Rep. (Ga.) 874, and cases cited; 2 Shearman & Redfield on Negligence, sec. 552; Endlich on Interpretation of Statutes, secs. 74, 75, 83; Sutherland on Statutory Construction, sec. 254. (4) There are statutes in other states similar to the one in question in this case. And it is generally held that

such statutes only extend to acts or omissions with partiality or in bad faith, and that under it there can be no recovery for mere negligence. *Tel. Co. v. Steele,* 108 Ind. 163; *Tel. Co. v. Swain,* 109 Ind. 405; *Tel. Co. Jones,* 116 Ind. 361; *Reese v. Tel. Co.* 123 Ind. 294; *Frauenthal v. Tel. Co.* 50 Ark. 78; Sutherland on Statutory Construction, sec. 350; *United States v. Ten Cases,* 2 Paine C. C. 162; *Tel. Co. Wilson,* 108 Ind. 308, 312.

*Harkless & Marley,* for respondent.

(1) Now, transmit where? The section does not say. Who says that it must mean transmit over· the wires only? The telegraph company. Why so? Because they say that's what the telegraph people construe it to mean. But this question has been expressly determined against appellant by the court of appeals. *Brashears v. Tel. Co.,* 45 Mo. App. 433. Under a statute similar to ours, where the word "neglect" is used, same conclusion has been reached in Indiana. *W. U. Tel. Co. v. Buchanan,* 35 Ind. 429.

SMITH, J.—This was a suit brought by the plaintiff against the defendant a telegraph corporation doing business in this state, for a statutory penalty for a failure to transmit a message promptly with impartiality and good faith and to deliver the same to the addressee. It is conceded that the message was transmitted promptly and with impartiality and good faith. It is likewise conceded that the defendant was guilty of negligence in failing to deliver the message to the addressee. The statute, Revised Statutes, section 2725, imposes a penalty of $200 upon a telegraph company for refusing, on payment or tender of the usual charges for transmitting dispatches as established by the rules

and regulations of such telegraph company, "to trans-mit the same promptly and with impartiality and in good faith."

The decisive question which we have here to decide is whether this language of the statute imposes the penalty therein denounced for a failure by the telegraph company to deliver a message after it has transmitted the same promptly and with impartiality and good faith over its wires to the point on its line to which it is addressed? It is incontrovertably true that where a telegraph company undertakes to deliver under reasonable rules and regulations a message transmitted over its wires and neglects to do so that it is liable in damages to those injured by such neglect. But has the statute provided a penalty for the refusal to perform this duty as it has for the refusal to perform the duty of transmitting a message promptly and with impartiality and good faith? The language of the statute is not to transmit the message promptly and with impartialty and good faith, *and to deliver the same.* Its terms clearly limit the penalty to the refusal to transmit the message promptly with impartialty and good faith over the wires to the point on the line where it is addressed. It is a penal statute and as such it is not to be regarded as including anything which is not clearly and intelligently described in its very words as well as manifestly intended by the legislature, or which is the same thing stated in another way "no case shall be held to fall within it which does not fall both within the reasonable meaning of its terms and within the spirit and scope of the enactment." Endlich on Interpretation of Statutes, ch. 12. And where there is a doubt the statute ought not to be construed to inflict a penalty which the legislature may not have intended. When these rules are applied to this case we find it quite difficult to escape the conclusion that the plaintiff's judgment

cannot be sustained for the language of the statute does not plainly imply the intention to impose a penalty for the refusal to deliver a message.

But the plaintiff contends that the St. Louis court of appeals has ruled that the statutory term "transmit" was intended not only to embrace the transmission of messages over the wires but it necessarily includes the prompt *delivery of them* as well. *Biernett v. Tel. Co.*, 39 Mo. App. 599; *Brashears v. Tel. Co.*, 45 Mo. App. 453. The ruling of these cases on this point we cannot accept as the undoubted law. According to our understanding, while they do not purport to do so, they do in fact ignore the well recognized distinction which is always to be observed between remedial and penal statutes and the rules of construction severally applicable to them. If the statute in question were of the former instead of the latter class the reasoning and conclusion of the learned court would we think be above all criticism. But to say in a statute like this that the term "deliver" can be imported into it and annexed to the term "transmit" by implication would be to do violence to the very rule of construction quoted with approval by the court in the course of its opinion in the former of these cases. It seems to us that this amounts to no less than by construction to create a duty and a penalty for its non-performance which is not within the authority of any court.

The statute of Arkansas imposes a penalty upon a telegraph company for refusing to "transmit" over its wires to localities on its line any message tendered it for transmission. The supreme court of that state in the recent case of *Brooks v. Tel. Co.*, 19 S. W. Rep. 572, in construing that statute declared that the language is not "to transmit and deliver" the message. The terms of the statute say the court "confine the penalty to transmit over the wires to the locality on the

line to which the message is addressed'' and that it cannot be said that the language plainly implies the intention to visit a penalty for a refusal to deliver: And in the same connection it is further stated that ''where the message is transmitted and the company refuses to deliver it, the person injured is remitted to his common law remedy.'' In Georgia one section of the statute requires telegraph companies to transmit messages while another requires them to *deliver* all messages addressed to persons residing within one mile of the office. The supreme court of that state in the case of *Horn v. Tel. Co.*, 88 Ga. 538, in speaking of the duty to deliver said, ''It is obvious that the reason here given cannot apply to the transmission of a dispatch from one office to another where it can be called for. This is a duty altogether different from that of delivery.''

The supreme court of this state in *Connell v. Tel. Co.*, 18 S. W. Rep. 833, which was an action based on the statute, section 2725, to recover a penalty for the failure to deliver a message, declared that ''the failure to deliver the message at that point to the person to whom it was directed may have been an act of negligence for which defendant might be made to respond in damages, but *it is not the failure of duty for which the statute imposes the penalty sued for.*'' In discussing the effect of the statute as to interstate telegrams it is further declared that the ''state in this enactment * * * simply attempts so far as its own citizens are concerned to secure their *prompt transmission.*''

We are unwilling to yield our assent to the plaintiff's contention that since the message in that case was addressed to a person at a point outside of this state that the ruling made is wholly inapplicable to the case in hand, where the message was addressed to a person at a point in this state. We understand the

supreme court's exposition of this statute in effect to be that for the neglect to deliver a message to the addressee whether at a point within or without this state it has imposed no penalty as it has for the neglect to perform the duty of transmission. The duty to transmit a message promptly with impartiality and good faith is one thing and that of delivery is another. The statute imposes a penalty for the failure to perform the former, but for a failure to perform the latter it does not.

It therefore follows that the recovery was improper and that the judgment should be reversed, which is accordingly ordered. ELLISON and GILL, JJ., concur in separate opinion.

ELLISON, J. *(concurring.)*—Judge GILL and I concur in the foregoing opinion solely on the authority of *Connell v. Tel. Co.*, 108 Mo. 439. If that case was not a controlling authority upon us under the constitution, we should rule that section 2725, Revised Statutes, 1889, in enacting that a telegraph company should "provide sufficient facilities at all its offices for the dispatch of the business of the public * * * and on payment or tender of their usual charges for transmitting dispatches * * * to transmit the same promptly and with impartiality and good faith, under a penalty of $200 for every neglect or refusal so to do," covered the delivery of the telegram.

Speaking for myself I will add that it was so held by the St. Louis Court of Appeals in *Brashears v. Tel. Co.*, 45 Mo. App. 433. It was likewise so expressly ruled *on a like statute in Little Rock Tel. Co. v. Davis*, 41 Ark. 79.

Our statute reads that, "on payment of the usual charges for transmitting dispatches as established by the rules and regulations" of the company the company

shall "transmit the same promptly." These charges, as every one knows, include the delivery. And so it is likewise well known that such companies have "established rules and regulations," excusing or restricting delivery to certain limits. Endlich on Statutes, at page 2, says that in construing penal statutes, "no case shall be held to fall within it which does not fall both within the reasonable meaning of its terms, and within the spirit and scope of the enactment." What is the reasonable meaning of the terms of our statute "to transmit promptly?" Is the dispatch merely to be transmitted promptly from the company's office in one town to the office in another town? If that is all, why send it at all? In ninety-nine cases out of a hundred it is no more likely to reach the person addressed than if it had remained in the sending office. The mail would be much more expeditious. The word "transmit" as used in the statute, and for which the charges and rules spoken of in the statute are made, evidently include the delivery. The transmission is *to the party addressed*, and not simply to the company's office in the town or city in which he resides. If a telegram is addressed to "John Doe, custom-house, St. Louis, Mo.," what is its destination; the company's office in St. Louis, or John Doe at the custom-house? It appears to us that to construe the statute as stopping short of delivery, is not alone contrary to its spirit and intent, but is in the face of its express language; for Webster gives as one of the primary definitions of the word "transmit" that it is to send from one person to another. It appears to us as quite apparent that the meaning, scope and spirit of the statute under all rules of construction is to inflict a penalty for a failure to deliver a dispatch to the party addressed. It is to so deliver that the company has been paid its charges provided for in the statute. To

restrict the statute to the mere sending a dispatch over the wire requires additional language to that which the statute now contains.

The courts in some of the states having statutes wholly unlike ours have made rulings under such statutes which are not at all applicable to our statute. In 1885 the statute of Arkansas was altogether changed, so that instead of reading, as it had theretofore read, substantially as ours, was made to read that the telegraph company should "transmit *over its wires to localities* on its line" all dispatches offered. The case of *Brooks v. Tel. Co.*, 192 S. W. Rep. cited by Judge Smith was a decision under such a statute, which the court held to mean what it says viz: to transmit over the *wire* to *localities* on the line. The court expressly notes that such a statute is different from their former statute, which reads like ours merely "to transmit." In the remaining case cited from 88 Georgia, 538, the statute of Georgia itself distinguishes between transmission and delivery. Our statute has, it is true, recently been amended concerning the amount of the penalty, etc.; and in addition there was added, that, "the burden of proof shall be upon the company to show that the wire was engaged as the reason for the delay in transmitting such dispatch." But this in no wise controls the preceding provisions of the section. It is merely the enactment that if the cause of delay was the fact that the wire was taken up with other business the burden of showing this was upon the company, which would have the knowledge of such fact. The amendment cannot mean that the wire being engaged was the only excuse to be allowed a telegraph company. The dispatch might not be sent for the reason that the wire was down or broken or for many unavoidable causes. The legislature doubtless selected an instance or cause of excuse which laid peculiarly

within the knowledge of the company and the proof of which the company should be required to assume the burden.