STATE v. WESTERN UNION TELEGRAPH COMPANY.

Opinion delivered June 17, 1905.

TELEGRAPH COMPANY — REFUSAL TO DELIVER MESSAGE — PENALTY.—Kirby's
   Digest, § 7946, imposing upon telegraph and telephone companies the
   duty to transmit messages, without discrimination as to charge or
   promptness, under a penalty of five hundred dollars for each and
   every refusal so to do, intended to provide a penalty only for a willful
   or intentional refusal to transmit a message, not for a refusal
   resulting from negligence on the part of the company's agent in
   ascertaining whether or not the company had an office at the place
   to which the message was directed.

Appeal from Miller Circuit Court.

JOEL D. CONWAY, Judge.

Affirmed.

### STATEMENT BY THE COURT.

Action brought by the State of Arkansas against the Western Union Telegraph Company to recover the statutory penalty of $500 for refusal to transmit a message. The court, sitting as a jury, found for the defendant, and rendered judgment accordingly, and the plaintiff appealed.

*Robert L. Rogers, Attorney General,* for appellant.

*William F. Kirby,* for appellee.

McCULLOCH, J., (after stating the facts.) The statute (Kirby's Dig. § 7946) provides that "every telegraph and telephone company doing business in the State must, under a penalty of five hundred dollars for each and every refusal to do so, transmit over its wires to locations on its lines, for any individual or corporation or other telegraph or telephone company such messages, dispatches or correspondence as may be tendered to it, or to be transmitted to any individual or other telegraph or telephone companies, at the price customarily asked and obtained for the transmission of similar messages, dispatches or correspondence, without discrimination as to charge or promptness."

The undisputed testimony shows that a message was tendered to appellee's agent at Texarkana for transmission to Wayne, Ind. Ter., where appellee had established, and was then maintaining, an office, but that such agent negligently and erroneously examined an obsolete monthly tariff book or list of offices of appellee, instead of the current list, and, finding no such office on the list (the office having been recently established), declined to receive and transmit the message for the reason that the company had no office at the point to which the message was directed.

The court declared the law to be: "That, even though the defendant did refuse to transmit the message to Wayne, Ind. Ter.,

a station and locality on its lines where it had a telegraph office, and even though it refused to do so after it was notified that the sender claimed to have been in its office at that place, and while its tariff sheet and rate book in the office at Texarkana, Ark., showed that it had an office at said place, still plaintiff cannot recover because defendant's agents refused to transmit the message solely because an old rate book and tariff sheet, inadvertently examined by them, failed to show that Wayne had a telegraph office, and they honestly believed there was none there, the statute not meaning to provide a penalty unless defendant willfully refused to transmit the message, knowing there was an office at the place of destination. And this is so even if the agents of defendant were negligent in not knowing or ascertaining that there was a telegraph office at the place to which the message was directed."

A decision of the case calls for a construction of the statute, whether only a willful refusal by a telegraph company to receive and transmit a message will authorize a recovery of the penalty, or whether the penalty may be recovered for a failure or refusal as a result of negligence to receive or transmit a message.

This court, in *Brooks* v. *Western Union Tel. Co.,* 56 Ark. 224, in construing this statute as to whether or not it inflicted a penalty for refusing to deliver a message, said, speaking through Chief Justice COCKRILL: "The statute is penal, and its terms cannot be extended beyond their obvious meaning. Where there is a doubt, such an act ought not to be construed to inflict a penalty which the Legislature may not have intended."

The former statute on this subject (Mansfield's Dig. § 6419) which was expressly repealed by the statute now under consideration (act of March 31, 1885), prescribed a penalty of $100 for "every neglect or refusal by a telegraph company to receive and to transmit a message." The omission of the word "neglect" from the new statute is noteworthy in discovering the legislative intent, and is clearly indicative of an intention not to provide a penalty for mere negligent acts. It is also worthy of consideration that in § 7 of this statute (Kirby's Dig. § 7943) it is required that messages shall be correctly transmitted without unreasonable delay in the order of their delivery and kept in strict confidence; and section 8 (Kirby's Dig. § 7944) provides that any officer or agent of the company who willfully violates the provisions of the

preceding section is guilty of a misdemeanor, and that the company shall be liable for the damage incurred.

In the case of *Frauenthal* v. *Western Union Tel. Co.,* 50 Ark. 78, this court held that where a message was received by the telegraph company for transmission from Conway, Ark., to Carthage, Mo., and was transmitted as far as Kansas City, but was lost between that place and Carthage by the negligence of the defendant, there could be no recovery of a penalty under this statute. The court then said: "Under the act of 1885, no penalty is recoverable for a mere negligent omission to transmit or deliver a message. For the redress of such injuries, the party aggrieved is remitted to his remedy for damages."

We think that the case at bar is controlled by the decision last above cited. It is clear that the Legislature meant to provide a penalty only for a willful or intentional refusal to transmit a message, not a refusal resulting from negligence on the part of the agent in ascertaining whether or not the company had an office at the place to which the message was directed. The manifest purpose was to prevent, by penalty, any discrimination against individuals, corporations or competive companies by willful or intentional refusal to receive and transmit without delay, and at the customary price, any message tendered.

The Supreme Court of Indiana, in construing a statute in substantially the same language and form as our statute, said: "The statutory duty as respects telegraph companies is to transmit messages with impartiality and in good faith, and in the order of time in which they are received, without discrimination. The statutory penalty is incurred when its acts or omissions are characterized by or result from partiality or bad faith, or when it postpones messages out of the order of time in which they are received, or when it discriminates in rates charged or in the manner and conditions of service between its patrons. Each and all of the acts which involve the company in penal consequences proceed from some aggressive violation of statutory duty imposed, and not from a merely negligent omission to act according to the obligation of its contract as a public carrier of messages." *Western Union Tel. Co.* v. *Swain,* 109 Ind. 406.

The finding and judgment of the circuit court is correct, and is therefore affirmed.