### STATE *v.* WESTERN UNION TELEGRAPH COMPANY.

Opinion delivered January 15, 1912.

TELEGRAPHS AND TELEPHONES—PENALTY FOR DISCRIMINATION.—Kirby's Digest, section 7946, providing for the transmission of messages by telegraph or telephone companies without discrimination, imposes a penalty only for wilful or intentional, and not for mere negligent, discrimination.

Appeal from Carroll Circuit Court, Western District; *J S. Maples*, Judge; affirmed.

*C. A. Fuller*, Prosecuting Attorney, and *Hal L. Norwood*, Attorney General, for appellant.

1. It was not necessary to allege, under section 7946, Kirby's Digest, nor prove, that the overcharge was "wilful or intentional." 19 Ark. 6950; 30 Cyc. 1352; *Id*. 1340, note; 9 Enc. Ev. 751; 90 N. Y. App. 422. The cases, 76 Ark. 125, and 50 Ark. 78, are not in point.

2. It is no defense for a railway to plead that the overcharge was through mistake. 60 Ark. 221; 49 *Id*. 455; 62 *Id*. 453; 56 *Id*. 245; 54 *Id*. 101.

3. The complaint states a cause of action. 93 Ark. 42.

*George H. Fearons, J. M. Shinn, Rose, Hemingway, Cantrel. & Loughborough*, for appellee. ·

1. The question has been settled in this court. 50 Ark. 78; 56 Ark. 224; 76 Ark. 124.

2. The act refers to discriminations made wilfully, etc. It should have been at least alleged that act was intentional and wilful. 76 Ark. 124; 45 *Id*. 295; 16 Enc. Pl. & Pr. 275.

McCULLOCH, C. J. This is an action instituted by the prosecuting attorney of the Fourth Judicial Circuit in the name of the State of Arkansas against the Western Union Telegraph Company, to recover a penalty under the following statute:

"Every telegraph and telephone company doing business in this State must, under a penalty of five hundred dollars for each and every refusal so to do, transmit over its wires to localities on its lines for any individual or corporation or other telegraph or telephone company, such messages, dispatches or correspondence as may be tendered to it by, or to be transmitted to, any individual or corporation or other telegraph or telephone company, at the price customarily asked and obtained for the transmission of similar messages, dispatches or correspondence without discrimination as to charge or promptness; the penalty herein prescribed shall be recoverable in any court through proper form of law, one-half of which shall go to the prosecutor and one-half to the State." Kirby's Digest, § 7946.

It is alleged in the complaint that Frank Shaffenburg delivered to said company at San Antonio, Texas, a message for transmission, addressed to Rhoda Shaffenburg, at Eureka

Springs, Arkansas, and paid the toll therefor, and also paid the customary toll (50 cents) for the return message; that said company transmitted the message over its lines to Eureka Springs and delivered it to Rhoda Shaffenburg, but required the latter to pay the toll on the return message, notwithstanding the fact that the same had already been paid by Frank Shaffenburg. It is not alleged in the complaint that the company's agent at Eureke Springs, who exacted the fee for transmitting the return message, knew that the same had been paid for at the other end of the line, nor that the charge was wilfully or intentionally made. The court sustained a demurrer to the complaint, and the State appealed.

This court has construed the statute in question as providing a penalty only for wilful or intentional discrimination, and not for negligence in failing to receive, transmit or deliver a message. *Brooks* v. *Western Union Tel. Co.*, 56 Ark. 224; *Frauenthal* v. *Western Union Tel. Co.*, 50 Ark. 78; *State* v. *Western Union Tel. Co.*, 76 Ark. 124.

The statute being merely one against discrimination, it follows that the penalty is not imposed for an act of negligence in charging by mistake for a message which had already been paid for.

Counsel for the State urge upon us, as sustaining their contention, decisions of this court holding that, under the statute prescribing a penalty against railway companies for charging more than three cents per mile for transportation of passengers, it is no excuse that the overcharge was made through mistake as to the distance between stations. *Railway Co.* v. *Smith*, 60 Ark. 221; *St. Louis, I. M. & S. Ry. Co.* v. *Waldrop*, 93 Ark. 42.

There is, however, no analogy between the two statutes. The railway statute prescribes in unqualified terms a penalty for overcharge. It is not merely a discrimination statute, but it fixes absolutely the rate of charges for transportation of passengers. *St. Louis, I. M. & S. Ry. Co.* v. *Waldrop, supra.* The statute concerning telegraph and telephone companies is directed against discrimination. But this court held that, even under the railway penalty statute, there could be no recovery for an unintentional overcharge resulting from an honest mistake on the part of the conductor in making the

charge, there being no intention to make an excessive charge. *Railway Co.* v. *Clark*, 58 Ark. 490.   In that case the court said:

"Construing the first clause of the section of the act above quoted in its own terms, and with reference to the language employed in the second, we conclude that the Legislature did not intend to hold corporations liable under the act for an amount above the maximum fare received by their agents unintentionally."

The most that can be gotten out of the allegations of the complaint is that the second charge was the result of negligence, and was not a wilful or intentional exaction of an excessive charge.   The circuit court was correct in sustaining the demurrer.

Affirmed.